Argued and submitted September 21; resubmitted In Banc December 2, 1992, affirmed February 17, 1993

Tammy JONES-CLARK,
Guardian Ad Litem for Billy Clark,
a Minor Child Under the Age of Fourteen,
*Appellant,*

*v.*

Robert SEVERE
and Corrections Division
of the State of Oregon,
*Respondents.*

(C880945CV; CA A63850)

846 P2d 1197

Randall Vogt, Portland, argued the cause for appellant. With him on the briefs was Parker & Vogt, Portland.

Robert A. Bianchi, Hillsboro, argued the cause for respondents. With him on the brief were John M. Junkin, Washington County Counsel, and Kevin M. Myles, Assistant County Counsel, Hillsboro.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

In this negligence action, the trial court granted defendants a summary judgment, ORCP 47C, on the ground that they are entitled to immunity. ORS 30.265(3)(c).[1] We affirm.[2]

As the moving parties, defendants must show that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. We view the evidence in the light most favorable to plaintiff. ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

The summary judgment record indicates that in February, 1988, Donn Schuch was sentenced to five years probation stemming from convictions for sexual offenses against male juveniles. The court placed him under the supervision and control of the Department of Corrections. The court imposed a special condition of probation that he "refrain from knowingly associating with victims * * * or any other minor person except with written permission of the court or Probation Officer."

Defendant Severe, a Parole and Probation Officer employed by the Washington County Department of Community Corrections, was assigned to supervise Schuch. In the spring of 1988, Schuch moved into a family apartment complex where his apartment directly adjoined a children's playground. In June and July, 1988, Schuch initiated a homosexual pedophilic relationship with plaintiff's 8-year-old son. Plaintiff, as guardian *ad litem* for her son, filed this action alleging that defendants were negligent in failing to supervise Schuch. Defendants argue that they are entitled to summary

---

[1] ORS 30.265(3) provides, in pertinent part:

"Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"* * * * *

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

[2] We dismissed plaintiff's original appeal because plaintiff's amended notice of appeal was untimely. The Supreme Court reversed and remanded to us for further consideration. *Jones-Clark v. Severe*, 312 Or 666, 825 P2d 1388 (1992). We now decide plaintiff's appeal on the merits.

judgment because of discretionary immunity or judicial immunity under ORS 30.265(3)(c).

A determination of whether governmental immunity bars a claim is a question of law. *Sager v. City of Portland*, 68 Or App 808, 812, 684 P2d 600, *rev den* 298 Or 37 (1984). However, the decision may depend on a determination of disputed facts. *Miller v. Grants Pass Irrigation*, 297 Or 312, 320, 686 P2d 324 (1984). The burden is on a defendant to establish immunity. *Little v. Wimmer*, 303 Or 580, 588, 739 P2d 564 (1987).

Discretionary immunity

> "will apply to decisions involving the *making of policy*, but not to *routine decisions* made by employees in the course of their day-to-day activities, even though the decision involves a choice among two or more courses of action." *Lowrimore v. Dimmitt*, 310 Or 291, 296, 797 P2d 1027 (1990). (Emphasis supplied.)

In *Lowrimore*, the court held that a traffic officer's decision to pursue a vehicle, although discretionary in the sense that it involved the exercise of judgment and choice by the officer, was not one that qualified its maker to immunity under ORS 30.265(3)(c). The court reasoned that the making of the decision to pursue did not create any departmental policy and was not made by a person with governmental discretion. Although the decision to pursue may have been made pursuant to a departmental policy, the court said the decision itself was not a policy judgment.

In *Bradford v. Davis*, 290 Or 855, 864, 626 P2d 1376 (1981), the court said that,

> "when an action under the Tort Claims Act alleges tortious conduct by a named officer, employee, or agent in the performance or nonperformance of his or her duties, the question under ORS 30.265(3)(c) is not the 'discretionary' nature of the overall function of the public body but the degree of discretion, if any, allowed the individual defendant whose immunity is at issue. The question of immunity is not whether the function as a whole involves 'room for policy judgment' but whether the defendant had been delegated responsibility for a policy judgment and exercised such responsibility in the act or omission alleged to constitute the tort."

■      In this case, defendants argue that the duties of a probation officer "rank high on [a] continuum of discretion." They assert that Severe is called on to make delicate and complex judgments, that he must work within the framework of the court order to create a proper environment for rehabilitation and development and that he must make reasonable adjustments in supervision in the light of changing circumstances. Be that as it may, none of those duties invoke the kind of activity that constitutes a policy judgment within the meaning of ORS 30.265(3)(c). Moreover, defendants offer no evidence that Severe was delegated responsibility for making policy judgments as to the supervision of probationers or that he exercised such a responsibility when he supervised Schuch. Defendants are not immune on the basis of discretionary immunity.

■      Defendants next claim they are entitled to judicial immunity under ORS 30.265(3)(c), because they were performing a "quasi-judicial function."[3] Quasi-judicial immunity can arise in two contexts: first, if the defendant's actions are functionally comparable to judicial actions, such as decisions of a parole board; and, second, if the defendant is acting at the direction of a judge. *Praggastis v. Clackamas County*, 305 Or 419, 752 P2d 302 (1988). Defendants claim that they are entitled to judicial immunity, because Severe was acting at and complying with the direction of a judge.

In *Fay v. City of Portland*, 311 Or 68, 73, 804 P2d 1155 (1991), the court articulated a two part test to determine when judicial immunity exists under such circumstances:

"For a public official or employee to have absolute immunity for acts performed under a court order or directive, two criteria must be established. First, the court order or directive must be a permissible exercise of judicial authority.

---

[3] Judicial immunity extends, not merely to judges, but to other officials who are performing acts associated with the judicial process. Judicial immunity depends on the performance of a judicial function. When a judicial function is performed by a public officer other than a judge, the immunity is often referred to as "quasi-judicial" immunity. The Supreme Court has held that the distinction is one only of name, not one of substance. The court has also held that the common-law immunity for judicial and quasi-judicial acts is part of the immunities preserved for discretionary acts under ORS 30.265(3). *See Praggastis v. Clackamas County*, 305 Or 419, 426, 752 P2d 302 (1988).

Second, the acts must comply with the court order or directive. *If the only source of absolute judicial immunity is the court's directions, and these [sic] directions do not authorize the public official's or employee's conduct, then the official or employee is not protected from liability* by absolute judicial immunity." (Emphasis supplied.)

The uncontroverted summary judgment record shows that Severe supervised Schuch. During the five month period between Schuch's probation and arrest, Severe met with Schuch five times; first in February, and again two weeks later, and then once each month during April, May and June. Each meeting took place at Severe's office. Severe also testified that he made or attempted telephone contact with Schuch on several occasions and that he received a report from and talked with Schuch's therapist. Schuch moved into the apartment complex in April. During that month, Severe made one unsuccessful attempt to visit Schuch at his residence. Severe testified that he usually tries to make a visit to a probationer's residence once every three to six months. During their April meeting at his office, Severe advised Schuch that he thought the rent was too high to permit Schuch to continue counseling.

The gravamen of plaintiff's allegations[4] is that Severe should have done more to ascertain whether Schuch was violating his probation. There is no evidence that Severe knew Schuch was violating his probation nor did the terms of Schuch's probation prohibit him from living next to families or a children's playground. The teaching of *Fay* is that a public employee is entitled to judicial immunity if he is carrying out a court directive and is acting within the authority granted to him by the court. Here, Severe was carrying out the court's directive to supervise Schuch and the level of

---

[4] Plaintiff's amended complaint alleges:

"Defendant Severe was negligent in one or more of the following respects:

"a. In failing to visit Schuch at his residence.

"b. In failing to ascertain where Schuch resided.

"c. In failing to ascertain whether or not Schuch was in violation of the terms of his probation by associating with minor children without the written permission of his probation officer.

"d. In failing to ascertain whether or not Schuch was in violation of the terms of his probation by associating with minor children without the written permission of the Court."

supervision exercised by him was within the authority granted by the court.

Moreover, plaintiff's reliance on *Zavales v. State of Oregon*, 106 Or App 444, 809 P2d 1329 (1991), is misplaced. There, the plaintiff alleged that the defendant probation officer was not entitled to judicial immunity for his negligence in failing to arrest or initiate probation revocation proceedings against a probationer whom he knew to be in violation of his probation. Unlike here, that probation officer was acting contrary to the direction of the court and beyond the authority granted to him by refraining from arresting the probationer or initiating probation revocation proceedings against him. Because Severe was acting within his authority when he performed the level of supervision that plaintiff claims was negligent, defendants are entitled to judicial immunity.

Affirmed.