Argued and submitted March 30, reversed and remanded June 8, 1994

Colette LATHROPE-OLSON,
*Appellant,*

*v.*

OREGON DEPARTMENT OF
TRANSPORTATION,
a department of the government of
the State of Oregon,
*Respondent.*

(91C 11774; CA A78941)

876 P2d 345

James F. Evans argued the cause and filed the briefs for appellant.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

In this action for intentional infliction of emotional distress,[1] plaintiff appeals a summary judgment in favor of defendant employer. ORCP 47. We reverse.

Although plaintiff's complaint is not a model of clarity, we understand it to allege that in 1990, while plaintiff was assigned to an Oregon Department of Transportation (ODOT) highway crew, the crew chief, Daily, and other male employees subjected plaintiff to repeated sexual harassment and threats of physical injury.

■■ We review the record in the light most favorable to plaintiff, the party opposing summary judgment. *Jones-Clark v. Severe*, 118 Or App 270, 272, 846 P2d 1197 (1993).[2] The evidence shows that, while plaintiff, who is part Native American, was on the job, Daily regularly referred to her as a "squaw." Daily also told her that "a squaw was supposed to walk behind her man" and that "all women were good for was between their legs." On other occasions, while out on highway projects, Daily threatened to push plaintiff into the path of oncoming vehicles. In addition, Daily and other employees repeatedly locked plaintiff out of the crew van when it was raining or snowing and no other shelter was near. As a result of her work environment, plaintiff suffered emotional distress for which she sought counseling and, ultimately, filed this action.

■ A claim for intentional infliction of emotional distress requires pleading and proof that: (1) defendant intended to inflict severe emotional distress on plaintiff; (2) defendant's conduct did, in fact, cause plaintiff to suffer severe emotional distress; and (3) defendant's conduct involved some extraordinary transgression of the bounds of socially

---

[1] This tort has also been labeled "intentional infliction of severe emotional distress." *Madani v. Kendall Ford, Inc.*, 312 Or 198, 200, 818 P2d 930 (1991). We use the term "intentional infliction of emotional distress" on the basis of the Supreme Court's most recent labeling of the tort. *McLeod v. Tecorp International, Ltd.*, 318 Or 208, 210, 865 P2d 1283 (1993).

[2] Our review is limited to events that allegedly occurred after November 9, 1989. Plaintiff filed her notice of tort claim pursuant to ORS 30.275(1)(b) on May 9, 1990. Because ORS 30.275(2)(b) requires that notice of a tort claim against a public body be given within 180 days of the date on which the tort arose, we review the summary judgment record from November 9, 1989.

tolerable conduct. *Madani v. Kendall Ford, Inc., supra* n 1, 312 Or at 203. ODOT argues that, although the speech and conduct directed at plaintiff was "perhaps oppressive, insensitive, rude and annoying," none of those actions are socially intolerable or establish an intent to inflict emotional distress. *See Patton v. J. C. Penney Co.*, 301 Or 117, 719 P2d 854 (1986). The trial court gave no reasons for its decision to grant ODOT's motion for summary judgment on plaintiff's claim.

■ The determination of whether conduct is socially intolerable is, for the most part, a fact-specific inquiry. Accordingly, we review the alleged conduct on a case-by-case basis, considering the totality of the circumstances involved, to determine whether it constitutes an "extraordinary transgression of the bounds of socially tolerable conduct." *Franklin v. PCC*, 100 Or App 465, 471, 787 P2d 489 (1990).

In *Franklin v. PCC, supra*, the plaintiff alleged that his supervisor had issued false reprimands, shoved him, locked him in an office, suggested that he apply elsewhere for employment and called the plaintiff, who was an African-American male, "boy." We held that "the pleaded facts, when considered as a whole, describe an extraordinary transgression of the bounds of socially tolerable conduct." 100 Or App at 472.

Plaintiff's evidence, if accepted as true, establishes that Daily directed overtly racist and sexual comments to plaintiff and engaged in other acts of psychological and physical intimidation. Such overt acts of racism and sexual harassment are not simply rude and boorish, but are more properly characterized as the kind of conduct that a jury could find was intended to inflict deep, stigmatizing and psychic wounds on another person. *See Cortez v. State of Oregon*, 121 Or App 602, 605, 844 P2d 1154, *rev den* 318 Or 25 (1993).

Based on the totality of the circumstances, we conclude that a jury could find that the conduct engaged in by Daily and the other male employees of the highway crew transgressed the bounds of socially tolerable conduct. Accordingly, the trial court erred in granting summary judgment for ODOT.

Reversed and remanded.