Argued and submitted May 20, affirmed November 9, 1994

# Thomas SHAY,
## *Appellant,*

### *v.*

# Kathy PAULSON,
## *Respondent.*

## (16 92 09360; CA A81438)

884 P2d 870

David J. Hollander argued the cause for appellant. With him on the briefs were Gordon S. Gannicott and Hollander, Lebenbaum & Gannicott.

Owen B. McCullen argued the cause for respondent. With him on the brief was Armstrong, McCullen & Philpott, P.C.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Plaintiff appeals a judgment of the trial court dismissing his complaint for damages for intentional infliction of emotional distress because it did not state a claim. ORCP 21. We affirm.

The complaint alleges, in relevant part:

"At some time between May 1, 1991 and June 1, 1991 Defendant did intentionally order numerous magazine subscriptions in Plaintiff's name by forging Plaintiff's signature on the order forms and committed other intentional acts of harassment to be discovered.

"3.

"By these actions Defendant intended to inflict severe mental and emotional distress upon Plaintiff.

"4.

"Defendant's actions caused severe mental and emotional distress and (1) caused Plaintiff to have to coordinate cancellation of numerous magazine subscriptions; and (2) caused Plaintiff to initiate and conduct an investigation to determine who was responsible for the forged magazine orders.

"5.

"Defendant's actions constitute an extraordinary transgression of the bounds of socially tolerable conduct and/or exceeded any reasonable limit of social toleration.

"6.

"As a result of Defendant's actions Plaintiff has suffered severe and intense mental anguish and emotional suffering including grave concern over unintended financial obligations, invasion of privacy and damage to reputation, all to his damage of $50,000.

"7.

"Defendant's actions constitute the type of actions for which punitive damages are properly awardable, and punitive damages in the amount of $50,000 should be imposed."

Plaintiff contends that defendant's alleged conduct falls within the description of forgery in the first degree, ORS 165.007; ORS 165.013, a Class C felony. We write to address plaintiff's argument that, because defendant's conduct was unlawful, it was, *per se*, tortious.

■ To state a claim for intentional infliction of emotional distress, the plaintiff must allege that the defendant intended to inflict severe emotional distress on the plaintiff, that the defendant's acts did, in fact, cause severe emotional distress, and that the defendant's acts consisted of "some extraordinary transgression of the bounds of socially tolerable conduct." *Lewis v. Oregon Beauty Supply Co.*, 302 Or 616, 626, 733 P2d 430 (1987); *Patton v. J. C. Penney Co.*, 301 Or 117, 122, 719 P2d 854 (1986).

■ In considering whether the defendant's acts were an "extraordinary transgression," the court will examine the purpose of the conduct and the means used to achieve the result. *Patton v. J. C. Penney Co., supra.* Not only must the conduct be deliberate, the *means* of inflicting the harm must be extraordinary,

> "to distinguish actionable conduct from the insults, ill temper, and offensive jokes that persons are expected to endure under contemporary standards of behavior, and second, to provide a setting of objective reality for a claim of harm that otherwise rests only on evidence of the plaintiff's subjective reaction divorced from physiological or other tangible injury." *Brewer v. Erwin*, 287 Or 435, 457, 600 P2d 398 (1979).

The tort does not provide recovery for the kind of temporary annoyance or injured feelings that can result from friction and rudeness among people in day-to-day life. The conduct must be "so offensive as to be outrageous," *Hall v. May Dept. Stores Co.*, 292 Or 131, 637 P2d 126 (1981), "outrageous in the extreme." *Patton v. J. C. Penney Co., supra*, 301 Or at 124; *Lewis v. Oregon Beauty Supply Co., supra; Smithson v. Nordstrom, Inc.*, 63 Or App 423, 664 P2d 1119, *rev den* 295 Or 840 (1983).

■ If the cited decisions illustrate one consistent point, it is that the inquiry of whether conduct is an extraordinary transgression of the bounds of socially tolerable behavior is fact-specific. *Franklin v. PCC*, 100 Or App 465, 471, 787 P2d 489 (1990). It would be inconsistent with that requisite to hold that, because conduct is illegal, or even criminal, it is *per se* "outrageous in the extreme." *See Restatement (Second) of Torts* § 46 *comment* d (1965). The legislature's decision to treat certain conduct as unlawful, or even as criminal, reflects

its judgment that the conduct is a transgression of society's general expectations; however, for that same conduct to be considered tortious as an "extraordinary transgression," it must be evaluated under the standard set forth in the cited cases. We need not decide whether defendant's alleged act of having magazines sent to plaintiff by signing his name on magazine subscription forms was a felony under ORS 165.007 and ORS 165.013. We conclude that, even if it was, it was not the type of conduct that constitutes an extraordinary transgression of the bounds of socially tolerable behavior.

Affirmed.