Argued and submitted February 28, affirmed September 6, petition for review denied November 21, 1995 (322 Or 360)

Harvey H. HETFELD,
*Appellant,*

*v.*

Adele BOSTWICK
and Michael Bostwick,
*Respondents.*

(9401-00047; CA A84546)

901 P2d 986

Ivan M. Karmel argued the cause and filed the briefs for appellant.

Garr M. King argued the cause for respondents. With him on the brief were Shawn L. Koch and Kennedy, King & Zimmer.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

Leeson, J., dissenting.

## RIGGS, P. J.

Plaintiff appeals from the trial court's dismissal of his claim for intentional infliction of emotional distress filed against his former wife, Adele Bostwick, and her present husband, Bostwick, on the ground that the complaint fails to state ultimate facts sufficient to constitute a claim. ORCP 21. We view the pleadings in the light most favorable to plaintiff and affirm.

The complaint alleges that, with the purpose of causing plaintiff "emotional distress, anguish and psychological injury," defendants embarked on a course of conduct aimed at estranging him from his children: they unlawfully withheld visitation, in contempt of court, by making the children unavailable;[1] intentionally disparaged the character and reputation of plaintiff by encouraging the children to call plaintiff by his first name, by assaulting plaintiff in the presence of the children and by using inappropriate language in the presence of the children; encouraged the children to prematurely terminate their visitation with plaintiff; planned activities for the children so as to cause conflicts with plaintiff's scheduled or proposed visitations; caused the children to be known to others in their school and community by the surname of Bostwick rather than Hetfeld; and encouraged the children to identify with Bostwick as their father rather than with plaintiff.

The complaint alleges these further acts by defendant Adele Bostwick: stalking and harassing a female friend of plaintiff's with the intention of intimidating her and preventing her from testifying in court on plaintiff's behalf; soliciting and fermenting discord in plaintiff's relationship with his second wife by "recruiting her to file for modification of visitation to correspond with her own motion seeking to terminate plaintiff's visitation rights"; and hiring a lawyer for the children and making them privy to legal filings, correspondence and proceedings relevant to her effort to terminate and limit plaintiff's visitation with the children.

---

[1] The withholding of visitation is alleged to have taken place between March 1989 and March 1990, and it is conceded that a separate claim for that conduct would be barred by the Statute of Limitations.

As a result of the alleged conduct, plaintiff claims to have suffered emotional distress and injury due to the damage to his relationship with his children, as well as economic damages necessitated by medical costs and attorney fees.

■■  In order to state a claim for intentional infliction of emotional distress, the plaintiff must allege ultimate facts which, if true, show that the defendant intended to inflict severe mental or emotional distress on the plaintiff, that the defendant's actions consisted of "some extraordinary transgression of the bounds of socially tolerable conduct" or exceeded "any reasonable limit of social toleration," *Patton v. J. C. Penney Co.*, 301 Or 117, 122, 719 P2d 854 (1986), and that the defendant's conduct did in fact cause the plaintiff to suffer severe emotional distress. As the court said in *Brewer v. Erwin*, 287 Or 435, 457, 600 P2d 398 (1979):

> "[The] essence [of the tort] is that the infliction of actual mental suffering on the plaintiff is the deliberate purpose of defendant's conduct, although that conduct may of course have an ulterior objective * * *. The additional requirement that *defendant's means of inflicting injury must have been extraordinary* is explained as necessary, first, to distinguish actionable conduct from the insults, ill temper, and offensive jokes that persons are expected to endure under contemporary standards of behavior, and second, to provide a setting of objective reality for a claim of harm that otherwise rests only on evidence of the plaintiff's subjective reaction divorced from physiological or other tangible injury." (Emphasis supplied.)

The tort does not provide recovery for the kind of temporary annoyance or injured feelings that can result from friction and rudeness among people in day-to-day life. The conduct is an "extraordinary" transgression if it is "so offensive as to be outrageous," *Hall v. The May Dept. Stores*, 292 Or 131, 137, 637 P2d 126 (1981), or "outrageous in the extreme." *Patton*, 301 Or at 124.

■■  The focus of our inquiry, as framed by the parties' arguments, is on whether, in the context of the parties' familial relationship and legal history, a jury should be permitted to find that the alleged means of inflicting injury was "outrageous in the extreme." Because the case is before us on the sufficiency of the complaint, we assume the truth of all pleaded allegations and of any facts that might conceivably be

introduced as proof of those allegations. *Brennan v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979).

■    Defendants contend, and the trial court apparently agreed, that although the conduct pleaded is "admittedly contentious," the complaint fails to state a claim because, as a matter of law, the means of inflicting injury is not an extraordinary transgression of the bounds of socially tolerable behavior. The specific allegations, defendants contend, are either too vague to support the claim or are "unfortunately, actions which frequently occur in antagonistic divorce and visitation cases." In other words, the particular types of behavior alleged are common between individuals involved in a contumelious divorce, thus, reprehensible as those behaviors may be, they are not "extraordinary." Further, defendants argue, the proper forum for relief for plaintiff is in the dissolution court pursuant to ORS chapter 107, not a tort claim.

Plaintiff contends that the elements of the tort of intentional infliction of emotional distress have been adequately pleaded and that, if the allegations are vague, they may be corrected by an amended pleading, but are not subject to dismissal for failure to state a claim. Additionally, plaintiff argues that in evaluating whether defendants' alleged conduct crosses the threshold of potential liability, the court must consider whether the relationship between plaintiff and defendants is one that imposes on defendants a greater obligation to refrain from subjecting the victim to abuse, fright or shock than would be true in arm's-length encounters among strangers. *Hall,* 292 Or at 137. Relying on a Michigan case, *Bharma v. Bharma,* 425 NW2d 733 (Mich App 1988), plaintiff contends that defendants' conduct must be evaluated in the light of their legal responsibility to comply with his right to visitation, their position of influence over plaintiff's children and their ability to have an impact on plaintiff's relationship with his children and to influence his emotional well being.

We agree with plaintiff that, because of their position of authority and influence over the children, defendants were uniquely capable of acting in a manner that could cause emotional harm to plaintiff. Ideally, at least for the sake of their children, the parties should be motivated to treat each

other with decency and respect. However, we hold that their relationship is not one that gives rise to the type of special duty of care or concern that is owed by a doctor or therapist to a patient. Although the parties' open hostility certainly increases the likelihood that they might cause one another emotional harm, there is nothing inherent in their relationship as former spouses that requires a greater degree of care in the sense contemplated by the court in *Hall*.

Whether conduct is an extraordinary transgression is a fact specific inquiry, to be considered on a case-by-case basis, considering the totality of the circumstances. *Lathrope-Olson v. Dept. of Transportation*, 128 Or App 405, 408, 876 P2d 345 (1994). As we noted above, many of the alleged behaviors are all too common in the context of a hostile dissolution involving children. Certainly, no single act alleged to have been committed here was "outrageous in the extreme." Construing the complaint liberally, as we are bound to do, the allegations present this scenario: With the intention and purpose of causing plaintiff emotional harm, defendants engaged in a course of conduct aimed at causing estrangement of plaintiff from his children. The narrow question that this case presents is whether, in light of the parties' familial relationship and discord, a jury should be permitted to find that the actual means of inflicting emotional harm; *i.e.*, the course of conduct aimed at causing the estrangement of the children from their father, is an extraordinary transgression of the bounds of socially tolerable conduct. We do not think so.

Far from extraordinary, the sad truth is that when a relationship breaks down, the children of the relationship often become the instruments of the parties' pursuit to cause each other pain. To a certain extent, that type of conduct can be prevented or moderated by the procedures available in ORS chapter 107. *See, e.g.*, ORS 107.105(1)(b) (relating to visitation); ORS 107.135 (relating to modification of decree); ORS 107.700 *et seq* (Abuse Prevention Act). However, the very need for and existence of those statutes speaks to the prevalence of such conduct. *Cf. Shay v. Paulson*, 131 Or App 270, 884 P2d 870 (1994) (illegal or criminal conduct not *per se* "outrageous in the extreme"). It is not "outrageous in the extreme" to behave as people commonly behave in certain

circumstances.[2] We conclude that the trial court correctly dismissed the claim for intentional infliction of emotional distress.

Affirmed.

**LEESON, J.,** dissenting.

I disagree with the majority that plaintiff has failed to state a claim for intentional infliction of emotional distress because, as a matter of law, defendants' conduct did not transgress the bounds of socially tolerable conduct. Assuming, as we must, the truth of all pleaded allegations and any facts that could be introduced as proof, I believe plaintiff's complaint is sufficient (with amendment if necessary) to allow a jury to conclude that defendants' conduct was socially intolerable. *See Lathrope-Olson v. Dept. of Transportation,* 128 Or App 405, 408, 876 P2d 345 (1994) (whether conduct is socially intolerable is, for the most part, a fact-specific inquiry).

The majority observes that "when a relationship breaks down, the children of the relationship often become the instruments of the parties' pursuits to cause each other pain." 136 Or App at 310. It concludes that the frequency of such conduct means that recovery for the tort of intentional infliction of emotional distress must fail. According to the majority, statutes aimed at redressing such conduct — such as those relating to visitation, modifying a decree or abuse prevention — are sufficient to displace the tort of intentional infliction of emotional distress in these circumstances. That view is curious, particularly in the light of this court's decision in *Shay v. Paulson,* 131 Or App 270, 273-74, 884 P2d 870 (1994), cited by the majority, that even when conduct amounts to a criminal violation, it is, for purposes of the tort of intentional infliction of emotional distress, a fact-specific question whether the conduct is "outrageous in the extreme." The majority's reasoning circumscribes the tort, making it inapplicable in the context of marital dissolution,

---

[2] The dissent suggests that we have adopted a *"per se* rule that all is fair when love turns to war." 136 Or App at 312. That epigram, though catchy, is wrong. We do not hold that the circumstances of a custody dispute can *never* give rise to liability for intentional infliction of emotional distress. Rather, our holding merely identifies appropriate limitations on such liability.

regardless of the conduct involved. In effect, it creates a *per se* rule that all is fair when love turns to war.

This court properly has not permitted the alleged frequency of harassment and taunts based on gender, race or sexual orientation to defeat claims of intentional infliction of emotional distress. *See Lathrope-Olson*, 128 Or App at 408; *Franklin v. PCC*, 100 Or App 465, 471, 787 P2d 489 (1990); *Whelan v. Albertson's, Inc.*, 129 Or App 501, 879 P2d 888 (1994). Neither should we here. A jury should be permitted to determine whether defendants' conduct exceeded the bounds of socially tolerable conduct under the circumstances alleged in plaintiff's complaint.

I respectfully dissent.