Argued and submitted April 20, 2021, affirmed April 20, 2022

In the Matter of the Marriage of
Jeffrey Bryan DUROCHER,
*Petitioner-Appellant,*
*and*

Amy Brooke DUROCHER,
nka Amy Graveline,
*Respondent-Respondent.*

Multnomah County Circuit Court
130767812; A168995

509 P3d 682

In this family law appeal, father contests supplemental judgments modifying custody of children and awarding certain attorney fees to mother. Father assigns error to the trial court's decision to exclude evidence from a custody and parenting time evaluator, who was appointed pursuant to an earlier court order. During the evaluation process, father provided over 200 pages of documents to the evaluator without also providing those documents to mother, in violation of the agreement and order. *Held*: A court has powers, both inherent and granted by statute, to ensure that its orders are enforced. In this case, ORS 107.425 specifically authorized the court to appoint the evaluator to make recommendations for child custody and the parenting plan, and as part of the order appointing the evaluator, the parties were required to contemporaneously provide each other with any documents that were provided to the evaluator. The court did not abuse its discretion in excluding the evaluator's evidence as a sanction for failing to comply with the court's order.

Affirmed.

Beth A. Allen, Judge.

Kimberly A. Quach argued the cause for appellant. Also on the briefs was Quach Family Law, P. C.

Amy D. Fassler argued the cause for respondent. Also on the brief were Thomas A. Bittner and Schulte, Anderson, Downes, Aronson & Bittner, P. C.

Before Mooney, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.*

_____

* Pagán, J., *vice* DeHoog, J. pro tempore.

PAGÁN, J.

Affirmed.

**PAGÁN, J.,**

Father appeals a supplemental judgment modifying custody and parenting time and awarding mother attorney fees. Father assigns error to the trial court's decision to exclude the testimony of a custody and parenting time evaluator. Father also seeks reversal of the attorney fee award to mother, but he concedes that that assignment of error is contingent on the success of his argument regarding the exclusion of the evaluator. As we affirm the trial court's decision to exclude the testimony, we also affirm the decision regarding attorney fees.

Mother and father divorced in 2013, agreeing to joint legal custody of their two children. Father filed a motion to modify custody, parenting time, and child support in January 2015, seeking sole custody and a greater share of the parenting time with the children. Mother opposed the motion, arguing that she should be awarded sole custody and a greater share of the parenting time. In April 2015, the parties agreed to employ the services of a custody and parenting time evaluator, submitting to the court a stipulated order for appointment under ORS 107.425(1) and (2). Of note for this appeal, the order required:

> "DOCUMENTS PROVIDED TO EXPERT. If either attorney or party provides written information or correspondence of any kind, including but not limited to letters or e-mail to the evaluator, the other party or attorney must simultaneously be provided a copy of such information or correspondence." (Underscoring and uppercase in original.)

The trial court signed the order.

During the evaluation process, father provided approximately 200 pages of documents to the evaluator regarding mother's parenting and fitness, but he did not simultaneously provide those documents to mother or her attorney as required by the court's order. Mother participated in the evaluation without knowing that father had produced the documents to the evaluator. The evaluator recommended that father be awarded sole custody. The evaluator's report was completed in October 2015.

After receiving the evaluation, the parties agreed to enter into mediation and abate the custody modification proceeding. During the mediation process, other issues arose that are not relevant to this appeal except to the extent that the parties' return to the trial court was substantially delayed. Trial was eventually rescheduled to begin in April 2017, 18 months after the evaluation was completed.

On the first day of trial, father indicated that he intended to call the evaluator, and mother objected. Mother raised two main issues as the basis of her objection. First, according to mother, the evaluation was stale, being over 18 months old, and the evaluator had had no further contact with the family since the report was completed. Mother thus argued that the report had little probative value considering how much the children had aged and their needs had changed since their last contact with the evaluator. Second, mother argued that father had failed to produce the 200 pages of documents to her before her meeting with the evaluator, and, thus, he had failed to comply with the court's order, irreparably compromising the evaluation itself.

The trial court excluded the evaluator's testimony, stating that the failure to provide the 200 pages of documents to mother prior to the evaluation created an "unfairness" to mother in her ability to prepare for the interview with the evaluator. Further, the court stated that the evaluation was stale, the court rarely relied on such evaluations in any event, and, considering the minimal probative value of such a stale evaluation, extending the length of the trial to have the evaluator testify was unwarranted.

At the close of the trial, the trial court awarded mother sole custody and the greater share of the parenting time. Father appeals.

On appeal, father contends that the trial court erred when it excluded the testimony of the evaluator. He argues that the court erred because the evaluator's testimony was relevant under OEC 401, not unduly prejudicial under OEC 403, and appropriate opinion testimony under OEC 702. However, those arguments appear to be based on a misapprehension of the trial court's ruling. That is, we do not understand the court to have excluded the evidence

on any of those bases. We therefore reject father's arguments regarding OEC 401, 403, and 702 without further discussion.[1]

Rather, we understand the trial court's ruling to have excluded the evaluator from testifying because father did not comply with the stipulated order regarding the evaluation process, compromising the evaluation itself. Combining the compromised nature of the evaluation with its staleness, the trial court determined that exclusion was the appropriate remedy for father's failure to comply with the order. To the extent father is also arguing that the court abused its discretion in excluding the evidence on that basis—that is, as a sanction for his failure to comply with the court's order—we reject that argument as well.

A trial court is granted broad discretion to ensure that its orders are enforced. *See generally, Ortwein v. Schwab*, 262 Or 375, 498 P2d 757 (1972) (discussing inherent powers of the courts); ORS 1.010(4) (court has power to compel obedience to its orders and judgments). ORS 107.425 provides a trial court with authority to order parties and their children to engage in evaluations for the purposes of obtaining recommendations on custody and parenting time. Part and parcel of that authority, a court may "also authorize the expert or panel of experts to interview other persons and to request other persons to make available to the expert or panel of experts records deemed by the court or the expert or panel of experts to be relevant to the evaluation." ORS 107.425(2). In this case, the trial court ordered that the parties and their children engage in an evaluation process for the sole purpose of providing a recommendation to the court. Fundamental to that order was a requirement

---

[1] The confusion might stem from the trial court's statement that father's failure to comply with the order created an "unfairness" to mother, perhaps causing father to believe that the court was commenting on prejudice under OEC 403. But the court never engaged in an OEC 403 analysis and there is no other indication in the record that the court was relying on OEC 403 as the basis on which it excluded the witness. Indeed, counsel for mother specifically asked the court to exclude the witness for failure to comply with the court's order, stating, "[Father] did something wrong. You haven't ruled in that respect. There's still an argument out there for you to think about which is a violation of not providing the material. And saying, look guys, you didn't follow the order, so I'm not going to allow it. I think that's a reasonable basis to [exclude the witness]."

that the parties contemporaneously provide each other with any documents that were provided to the evaluator.

Father acknowledges that he failed to comply with the order, and that mother was therefore interviewed without prior knowledge of what documents the evaluator had reviewed before speaking with her. When the court learned that the process had been compromised and the court's order had been ignored, the court was well within its discretion to exclude the evaluation and the testimony of the evaluator as a sanction for failing to comply with the court's order.

Concluding that the court did not abuse its discretion regarding the exclusion of the evaluator's testimony, we accept father's concession that his assignment of error regarding attorney fees fails as well.

Affirmed.