No. 421 June 26, 2024 367

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jenifer Lynn HARRISON,
individually and as Guardian ad litem for
Clairlyn Ellaree Harrison and Conner Evan Harrison,
*Plaintiffs-Appellants,*
*and*

Clairlyn Ellaree HARRISON,
*Plaintiff,*
*v.*

JOSEPH B. MAZZA, LLC
and Joseph Bryant Mazza,
*Defendants-Respondents.*

Douglas County Circuit Court
18CV26909; A174359

Kathleen E. Johnson, Judge.

Submitted November 3, 2023.

Holly J. Martinez, Renée E. Rothauge, and Perkins Coie LLP filed the briefs for appellant Jenifer Lynn Harrison as Guardian *ad litem* for Clairlyn Ellaree Harrison. Also on the reply brief was Kaitlyn K. Lindaman.

Jenifer Lynn Harrison and Conner Evan Harrison filed the brief *pro se*.

Lindsey H. Hughes filed the brief for respondents.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Attorney-fee award vacated and remanded; otherwise affirmed.

**JOYCE, J.**

This appeal arises from a judgment of dismissal entered against plaintiffs after they brought fraud claims against defendant.[1] Defendant served as a court-ordered custody evaluator in plaintiff Jenifer Harrison's marital dissolution proceedings in 2013. During those proceedings, defendant made recommendations to the court that plaintiff Jenifer Harrison's ex-husband be granted primary custody of their minor children, plaintiffs CL and CO.[2] The dissolution court adopted that recommendation. In 2018, plaintiffs filed this action against defendant, alleging that he committed fraud and made false representations to the dissolution court. The trial court granted defendant's motion to dismiss on multiple grounds.

On appeal, plaintiffs argue that the trial court erred in dismissing the complaint.[3] We agree with the trial court that defendant was entitled to judicial immunity, and thus we affirm the dismissal of the complaint. We also affirm, without further discussion, the trial court's denial of plaintiffs' motion to amend their complaint; having reviewed the record, we conclude that the court properly exercised its discretion in denying that motion. However, we agree with both parties that the supplemental judgment awarding fees must be remanded for the trial court to make findings that facilitate appellate review, and we reverse and remand for that purpose.

*Judicial immunity:* On appeal from the dismissal of a claim under ORCP 21 for failure to state a claim, we review for errors of law. *Strizver v. Wilsey*, 210 Or App 33, 35, 150 P3d 10 (2006), *rev den*, 342 Or 474 (2007) (citing *Granewich v. Harding*, 329 Or 47, 51, 985 P2d 788 (1999)). In doing so, "[w]e assume the truth of all allegations in the pleading and

---

[1] Defendants in this action are defendant Joseph Mazza, LCSW and defendant Joseph B. Mazza, LLC. We use "defendant" to refer to defendants collectively.

[2] Plaintiff CL's and plaintiff CO's interests are being represented by plaintiff Jenifer Harrison as guardian *ad litem*. We refer to plaintiffs individually by name and collectively as "plaintiffs."

[3] Plaintiffs also assign error to several of the trial court's other bases for dismissing the complaint but, because we agree with the trial court that defendant was entitled to judicial immunity and that dismissal was proper under ORCP 21, we need not reach plaintiffs' other assignments of error.

view the allegations, as well as all reasonable inferences, in the light most favorable to the nonmoving party." *Id.* As particularly relevant here, where a party moves to dismiss based on a particular defense, "the allegations, taken together, [must] affirmatively show that the plaintiff has no cause of action or that the defendant has a complete defense." *Beason v. Harcleroad*, 105 Or App 376, 379, 805 P2d 700 (1991). "[D]ismissal of a claim is a question of law based on allegations and not, as in summary judgment, a question of whether the plaintiff presented facts to support the claim." *Towner v. Bernardo/Silverton Health*, 304 Or App 397, 419 n 5, 467 P3d 17, *rev den*, 367 Or 115 (2020). "Unless immunity can be determined on the face of the complaint, dismissal under ORCP 21 A is not appropriate." *Franke v. ODFW*, 166 Or App 660, 666, 2 P3d 921 (2000).

We begin by briefly describing the scope of judicial immunity generally before considering whether defendant was entitled to it. Judicial immunity has been a settled doctrine for many centuries. *See Bradley v. Fisher*, 80 US 335, 347, 20 L Ed 646 (1871) (explaining that the principle "has been the settled doctrine of the English courts for many centuries, and has never been denied *** in the courts of this country"). Immunity is dependent on the performance of a judicial function, not on the nature of the office of the individual performing the function. *Praggastis v. Clackamas County*, 305 Or 419, 427, 752 P2d 302 (1988). Thus, as well as protecting judicial decisionmaking, immunity also attaches in "quasi-judicial" scenarios, such as where public officers other than judges perform judicial functions. *See id.* (explaining that when "judicial functions are performed by a public officer other than a judge, the immunity is often referred to as quasi-judicial immunity, but this is a distinction of name and not a distinction of immunity"); *see also Harmon v. State of Oregon*, 320 Or App 406, 432, 514 P3d 1131 (2022) (holding that judicial immunity applied to quasi-judicial decisions made by the Psychiatric Security Review Board); *Jones-Clark v. Severe*, 118 Or App 270, 274, 846 P2d 1197 (1993) (explaining that parole board decisions are subject to judicial immunity).

In addition to providing immunity for "judicial functions," judicial immunity also immunizes acts "performed under a court order or directive," so long as the court order or directive is "a permissible exercise of judicial authority" and the acts "comply with the court order or directive." *Fay v. City of Portland*, 311 Or 68, 73-74, 804 P2d 1155 (1991); *Fossen v. Clackamas County*, 271 Or App 842, 849, 352 P3d 1288 (2015). The protections for both (1) judicial and quasi-judicial decision making and (2) other acts done in accordance with a court order are "necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 US 478, 512, 98 S Ct 2894, 57 L Ed 2d 895 (1978).

With that legal background in mind, we turn to the specific allegations in plaintiffs' complaint against defendant to determine whether defendant is entitled to claim judicial immunity. Plaintiffs' allegations stem from defendant's actions as a court-appointed custody evaluator in the dissolution proceeding. The court handling the parties' dissolution appointed defendant as a custody evaluator to "conduct an investigation and custody study as to the character, family relations, and past conduct of the parties and minor children" and to "recommend a custody and parenting plan." Plaintiffs alleged that defendant omitted certain information from the custody evaluation report and recommended parenting plan, including that plaintiff Jenifer Harrison's then husband admitted to abusing Jenifer, and that defendant's notations in his custody evaluation file directly conflicted with the findings presented in the custody report. Plaintiffs alleged that those actions (and inactions) amounted to tortious conduct.

Taking plaintiffs' allegations above as true, *see Beason*, 105 Or App at 379-80, we conclude that the trial court properly granted defendant's motion to dismiss. Defendant, acting as a custody evaluator conducting a custody evaluation on behalf of the court, was entitled to immunity because he was performing judicial functions.

Until now, Oregon appellate courts have not addressed specifically whether judicial immunity applies to

court-appointed custody evaluators. To determine whether a particular duty "can be considered judicial or quasi-judicial for the purpose of extending immunity to the official performing the action," courts look to factors including

- "whether the official's actions are functionally comparable to judicial actions or involve decisions normally performed by judges in their judicial capacity";

- "whether the action depends on legal opinions or discretionary judgments comparing the facts of a present situation with general legal questions"; and

- "whether the acts in question are primarily concerned with the official's role as a judicial or quasi-judicial officer."

*Praggastis*, 305 Or at 427.

Here, the court directed defendant to conduct a custody investigation and evaluation, inform the court about the best interests of the children and safety of the parties, and recommend a custody and parenting plan. *See* ORS 107.101(4) - (5) (explaining the state policy that courts and parents are granted the widest discretion in developing a parenting plan that considers the best interests of the child). Although the court was not bound by defendant's recommended resolution of the parties' custody dispute, defendant was to investigate the facts and, after applying the relevant law to the facts and exercising discretion, recommend a resolution. Thus, defendant's role was under the authority of the court. *See* ORS 107.425(1) (providing that the court may order family relations investigation for purpose of protecting children's future interest and court can defer entry of general judgment until satisfied with investigation); *see also Durocher and Durocher*, 319 Or App 223, 227, 509 P3d 682 (2022) ("ORS 107.425 provides a trial court with authority to order parties and their children to engage in evaluations for the purposes of obtaining recommendations on custody and parenting time."). Defendant's role in conducting the investigation and drafting the evaluation and parenting plan was to act as an instrument of the court in making its custody decision; thus, his actions were "'integral parts of the judicial process.'" *Tennyson v. Children's Services Division*, 308 Or 80, 86, 775 P2d 1365 (1989) (quoting *Briscoe v. LaHue*,

460 US 325, 335, 103 S Ct 1108, 75 L Ed 2d 96 (1983)). Accordingly, because he was acting as a court-appointed evaluator in conducting his investigation, writing his report, and making recommendations to the court—*i.e.*, he was performing judicial functions—defendant was entitled to judicial immunity.

We note that our conclusion is consistent with the decisions of most other courts that have addressed the same question. For example, in *Parker v. Dodgion*, 971 P2d 496, 499 (Utah 1998), the Utah Supreme Court concluded that a court-appointed psychologist in a custody proceeding was entitled to judicial immunity. In reaching that conclusion, the court reasoned that, in that context, "the court is depending upon that individual to exercise discretionary judgment to render an evaluation and make a recommendation. The exercise of discretionary judgment is a hallmark of a position functionally comparable to that of a judge." *Id.* at 498. The court went on to observe that, in conducting custody evaluations, "the psychologist is essentially acting as a neutral fact-finder for the court. Fact-finding is an integral part of the judicial process and a function naturally associated with judges and juries, both of whom are granted immunity from suit." *Id.*

Similarly, in *Howard v. Drapkin*, 222 Cal App 3d 843, 860, 271 Cal Rptr 893, 903 (Cal Ct App 1990), the California Court of Appeal affirmed a judgment of dismissal holding that a psychologist acting as a court-ordered custody evaluator was entitled to judicial immunity as a neutral third party assisting the court. In *Howard*, the mother brought an action against a psychologist who had been hired by both parents to evaluate the child's allegations of abuse for purposes of a custody dispute. *Id.* at 848, 271 Cal Rptr at 894. In upholding the dismissal on judicial immunity grounds, the court explained that "absolute quasi-judicial immunity is properly extended to neutral third persons who are engaged in mediation, conciliation, evaluation or similar dispute resolution efforts." *Id.* at 851, 271 Cal Rptr at 896. After an analysis of the historical and policy reasons behind judicial immunity, the court concluded that "[a]bsolute quasi-judicial immunity is properly extended to these

neutral third parties for their conduct in performing dispute resolution services which are connected to the judicial process" and that involve "the making of binding decisions, *** the making of findings or recommendations to the court or *** the arbitration, mediation, conciliation, evaluation or other similar resolution of pending disputes." *Id.* at 860, 271 Cal Rptr at 903.[4]

In arguing for a contrary result, plaintiffs rely on our decision in *Fossen*. In their view, defendant cannot obtain the benefit of judicial immunity for acts "committed outside of court orders." But *Fossen* (and *Fay*) address actions taken by people performing not a judicial function, but rather other acts pursuant to a court order. In both cases, the people claiming judicial immunity were corrections officers who contended that their actions—in *Fay*, releasing a prisoner and, in *Fossen*, arresting a person—were taken pursuant to a court order. Because the defendants' acts were not judicial functions, the dispositive question in both cases was whether the officers' actions were in accordance with the court orders. *Fossen*, 271 Or App at 849; *Fay*, 311 Or at 73-74; *see also Harmon*, 320 Or App at 423-24 (describing judicial immunity for "judicial functions" and also for a second category, acts performed under a court order).

---

[4] *See also Lythgoe v. Guinn*, 884 P2d 1085, 1088-89 (Alaska 1994) (holding that court-ordered psychologist acting as custody evaluator was entitled to quasi-judicial immunity because she "served as 'an arm of the court' and performed a function 'integral to the judicial process'"); *Stone v. Glass*, 35 SW3d 827, 830 (Ky Ct App 2000) (holding that quasi-judicial immunity applied where court-appointed social worker was sued for alleged professional negligence and outrageous conduct in preparation for court testimony); *P. T. v. Richard Hall Community Mental Health Care Center*, 364 NJ Super 546, 560, 837 A2d 427, 436 (NJ Super Ct Law Div 2000) (holding that psychologist appointed by court in child support proceedings was entitled to absolute judicial immunity for her role in making recommendations to the court); *Lavit v. Superior Court*, 173 Ariz 96, 101, 839 P2d 1141, 1146 (Ariz Ct App 1992) (holding that court-appointed psychologist was entitled to immunity for his role in a child custody determination because his evaluations and recommendations aided the trial court in determining child custody and his services were performed pursuant to a court order); *Suprenant v. Mulcrone*, 163 NH 529, 532, 44 A3d 465, 468 (NH 2012) (affirming judgment of dismissal granted in favor of guardian *ad litem* on basis of judicial immunity for actions taken in official capacity in preparing custody evaluation for court). *But see Politi v. Tyler*, 170 Vt 428, 432-33, 751 A2d 788, 791-92 (Vt 2000) (concluding that judicial immunity did not extend to a psychologist who conducted a forensic evaluation of the parents and child because the psychologist performed duties that arose from her contract with the parties, not from quasi-judicial functions pursuant to a court order).

Plaintiffs' reliance on *Fay* and *Fossen* is understandable, given that defendant here acted as a custody evaluator pursuant to a court order. Critically, however, whether someone is entitled to claim judicial immunity first depends on the nature of the function performed. *Praggastis*, 305 Or at 426-27 (whether a public officer is entitled to judicial immunity depends on the "nature of the function" they are performing, not the person's title). If it is judicial or quasi-judicial in nature, as described above, judicial immunity is appropriate. Alternatively, if the act is not judicial but is done pursuant to a court order, then whether a person is entitled to immunity depends upon the nature of the court directive and their compliance with it. Here, because defendant was acting in a quasi-judicial function as a properly appointed custody evaluator investigating, applying the law to the facts, and exercising discretion to recommend a resolution to the parties' dispute, he is entitled to judicial immunity regardless of how well or badly he performed that function.

*Attorney fees:* In their final assignments of error, plaintiffs assert that the trial court erred in entering a supplemental judgment awarding defendant costs and attorney fees related to the fraud claim because they had an objectively reasonable basis for bringing that claim. For his part, defendant acknowledges that the trial court did not make findings about the award and its reasonableness and urges us to remand to the trial court for further findings. We agree that that is the proper remedy. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 96, 957 P2d 1200 (1998) (remanding attorney fee award to the trial court to explain the basis for it).

Attorney-fee award vacated and remanded; otherwise affirmed.