[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant's Motion To Strike [101]
Plaintiff, Tami Perez, was an employee of the defendant, Thomas G. Faria Corporation. She suffered a severe injury to her right hand at work on January 19, 1996. Due to her injury, plaintiff lost considerable time from work. She returned to work on May 14, 1997 part-time and on a restricted basis until June 12, 1997.
Since the injury was work related, plaintiff received workers' compensation benefits.
From the time she returned to work, plaintiff claims she was mistreated by defendant thereby creating "an intolerable work CT Page 1005 environment." While at work, she re-injured her right hand which she says was "under suspicious circumstances."
On July 27, 1997, she was terminated "for the stated reason of leaving work early." [The complaint alleges she was terminated on January 27, 1997. Complaint, ¶ 10. Both parties in their briefs state the termination occurred on July 28, 1997. Memorandum of Law In Support of Motion To Strike, October 16, 1998, p. 2. [102] The court assumes July 28, 1997 is the correct date.] Plaintiff claims the stated reason was a pretext.
Plaintiff's principal claim is that the mistreatment and eventual firing by defendant were in retaliation for her having sought and obtained benefits under the Workers' Compensation Act. C.G.S. §§ 31-275 et seq. That is the cause of action asserted in the First Count of the four-count Complaint. C.G.S. §31-290a.
In the Second Count, plaintiff claims defendant negligently or unintentionally caused her emotional distress.
The defendant has moved to strike the Second Count.
In the context of employment termination, a cause of action for negligent infliction of emotional distress "arises only where it is `based on unreasonable conduct in the termination process.'Morris v. Hartford Courant Co., [200 Conn. 676, 682 (1986)]."Parsons v. United Technologies Corp., 243 Conn. 66, 88 (1997).
The plaintiff was terminated on July 28, 1997. The claimed retaliatory mistreatment occurred when she returned to work on May 14, 1997. It continued until she was terminated on July 28.
It appears that the claimed retaliatory conduct which caused the emotional distress occurred before the actual July 27 termination. It occurred over a period of roughly two and a months.
Plaintiff has conceded as much:
 "The focus of plaintiff's emotional distress claim is on defendant's conduct in the period prior to termination. The second count alleges a course of conduct aimed at terminating her. . . ." Memorandum of Law In Support of Plaintiff's Objection To Motion To Strike, November 30, CT Page 1006 1998, p. 2. [106]
What is meant by "in the termination process" in the context of "unreasonable conduct in the termination process?" See Morris
and Parsons, supra. In Parsons, plaintiff (Parsons) had refused to go to Bahrain, a Persian Gulf sheikhdom, during Operation Desert Storm when ordered there by his employer. He was then fired. He brought a suit for wrongful termination claiming Connecticut public policy required an employer to provide a safe work place for its employees. The trial court granted the employer's motion to strike. The trial held our law does
 "not express a public policy which would prohibit an employer from requiring an employee to travel to a foreign country where there may be some type of instability or military threat." 243 Conn. @ 79.
The plaintiff appealed. The Supreme Court reinstated the plaintiff's wrongful termination count of the complaint stating:
 ". . . plaintiff's complaint clearly alleged facts that, taken as a whole and considered in the light most favorable to the plaintiff, are sufficient to establish that the plaintiff was terminated for refusing to follow an employer's directive that would have posed a serious threat to the plaintiff's health and safety and that was not contemplated within the scope of his employment duties." Parsons v. United Technologies Corp., 243 Conn. 66, 85-86 (1997).
The Supreme Court held plaintiff had stated sufficiently a cause of action wrongful termination.
In Parsons, the trial court had struck a count "which asserted a claim for negligent infliction of emotional distress based on the circumstances of his termination." 243 Conn. @ 88. The Supreme Court stated:
 "Accordingly, negligent infliction of emotional distress in the employment context arises only where it is `based upon unreasonable conduct of the defendant in the termination process.' Morris v. Hartford Courant Co., supra, 682. The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of CT Page 1007 emotional distress. `The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior.' Madani v. Kendall Ford, Inc., 312 Or. 198, 204, 818 P.2d 930
(1991)." Parsons v. United Technologies Corp., 243 Conn. 66, 88-89 (1997).
Parsons had refused to go Bahrain as he had been directed. "Within two hours of the plaintiff's refusal, the defendant terminated the plaintiff's employment and removed him from the building under security escort.: 243 Conn. @ 70. The Supreme Court held the two hour period from plaintiff's refusal to the firing and his being escorted from the employer's property were not unreasonable. Parsons v. United Technologies Corp.,243 Conn. 66, 89 (1997).
In Chieffalo v. Norden Systems, Inc., 49 Conn. App. 474 (July 21, 1998), plaintiff was fired by his supervisor "in front of another employee and was escorted from [his supervisor's] office in view of approximately twenty employees." 476. The jury returned a verdict for the plaintiff on the negligent infliction of emotional distress claim. The trial court set this verdict aside concluding there was "no evidence to support a finding by the jury of unreasonableness in the manner that the plaintiff was terminated." 49 Conn. App. @ 480. The Appellate Court upheld the trial court.
In Pavliscak v. Bridgeport Hospital, 48 Conn. App. 580 (May 5, 1998), plaintiff was a nurse. Sometime after plaintiff received two written warnings about her performance, she was terminated "without advance warning." "She was told in a private meeting with her supervisors that she was being terminated effective immediately, and that she must take her personal items and leave the hospital premises." 48 Conn. App. @ 598. The Appellate Court held the Hospital's conduct was not "to the level of unreasonable conduct that would justify liability based on negligent infliction of emotional distress." Id. The Appellate Court directed that the verdict for the plaintiff be set aside.
These cases indicate that the conduct upon which a valid claim for negligent infliction of emotional distress is based must be close temporally to the actual termination. It must occur during, or immediately before or after the actual delivery of the notification of the termination to the employee. Usually it would take place within minutes or hours of time when the employee is CT Page 1008 told of the termination. The conduct relied upon by plaintiff occurred over a two and a half month period before she was told she was being terminated. It did not occur during the "termination process."
There are no allegations of conduct incident to the actual acts, conduct or process by which the plaintiff was informed of her termination or how the termination was implemented.
What happened during, and immediately before and after, defendant's informing plaintiff that she was being fired is the gist of the cause of action. Since there are no allegations in the Complaint about what occurred on July 28 (the date of termination) regarding the manner in which plaintiff was informed of the termination, the Complaint does not spell out such a cause of action.
The Motion To Strike the Second Count is granted.
Parker, J.