**Nat S. WHITAKER, Plaintiff**

v.

**HAYNES CONSTRUCTION COMPANY, INC., Defendant.**

No. 301 CV 439(EBB).

United States District Court, D. Connecticut.

Aug. 13, 2001.

Cynthia Renee Jennings, Bridgeport, CT, for Plaintiff.

Kenneth R. Plumb, Warren L. Holcomb, Berchem, Moses & Devlin, P.C., Milford, CT, for Defendant.

### RULING ON MOTION TO DISMISS

ELLEN BREE BURNS, Senior District Judge.

### INTRODUCTION

Plaintiff Nat S. Whitaker ("Plaintiff") brings this three-count Complaint against his former employer, Haynes Construction Company, Inc. ("Defendant"). In Count One, Plaintiff claims violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, based upon racial discrimination. In Counts Two and Three, Plaintiff alleges pendent claims of intentional and negligent infliction of emotional distress, respectively.[1] Defendant now moves to dismiss counts Two and Three for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). For the following reasons, Defendant's motion to dismiss is GRANTED.

### STATEMENT OF FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion. Inasmuch as the factual allegations of the Complaint are deemed true, the Court distills the Statement of Facts from said Complaint.

Plaintiff is a resident of Connecticut and was employed as a brick mason by Defendant from October 10, 1999, until his dismissal on April 17, 2000. (Compl.¶¶ 9, 15.) Plaintiff alleges that during his six-month employment with Defendant, he was given disproportionately tedious and difficult masonry work without adequate support, as compared to his colleagues. (Compl.¶¶ 12, 53, 54.) His work allegedly consisted of working in small, tight spaces doing patch and repair work. (Compl.¶ 53.) When Plaintiff complained that he felt he was being discriminated against in terms of the conditions of his employment, according to Plaintiff, he was told he must "work faster." (*Id.*) Plaintiff does concede that about a month prior to being dismissed, Defendant's site masonry foreman repeatedly told Plaintiff he was not working fast enough. (Compl.¶ 16.) Nevertheless, he contends that the working conditions he was placed in were specifically designed to force him to constructively resign, or to slow his pace sufficiently to deem him a "slow" worker. (Compl.¶ 36.)

On April 14, 2000, Plaintiff alleges that Nick DeFrancesco, Defendant's job superintendent, told him that he was being "laid off" because the job on which Plaintiff was working was coming to an end. (Compl.¶ 14.) This was done even though the project was running behind schedule and over budget. (Compl.¶ 33.) At the time of Plaintiff's discharge, however, he was issued a notice stating not that he was being laid off, but that he was being discharged because he was "unsuitable for the position." (Compl.¶ 15.)

---

1. Although Plaintiff entitles Count Two "seeking damages under Title XII," Plaintiff and Defendant correctly recognize in moving papers that these are not federal causes of action, but state tort claims.

Lastly, Plaintiff alleges that not only was he given one reason for his dismissal, and fired for another, but his dismissal occurred on the same day that Defendant's affirmative action plan obtained state approval. (Compl.¶ 45.) As a result of these alleged intentional, negligent and reckless actions, Plaintiff contends that he suffered, among other things, emotional distress resulting in severe depression. (Compl.¶¶ 47, 64, 70.) Consequently, he filed this three-count complaint against Defendant.

### LEGAL ANALYSIS

#### I. Federal Rule of Civil Procedure 12(b)(6)

■■■ A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), *citing Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The function of a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 Int'l Brotherhood of Elec. Workers,* 905 F.2d 35, 37 (2d Cir.1990). Additionally, pursuant to a Rule 12(b)(6) analysis, the Court takes all well-pleaded allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to Plaintiff. *See Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996); *see also Conley,* 355 U.S. at 48, 78 S.Ct. 99 (holding that Federal Rules reject approach that pleading is a game of skill in which one misstep by counsel may be decisive of case). However, Rule 12(b)(6) does not allow the substitution of conclusory statements "for minimally sufficient factual allegations."

*Furlong v. Long Island College Hosp.,* 710 F.2d 922, 927 (2d Cir.1983).

#### II. Standard as Applied

##### A. Intentional Infliction of Emotional Distress

■■■ In order to succeed on a claim for intentional infliction of emotional distress, Plaintiff must establish the following: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the distress suffered by the plaintiff was severe." *Appleton v. Stonington Bd. of Ed.,* 254 Conn. 205, 210, 757 A.2d 1059 (2000), *citing Petyan v. Ellis,* 200 Conn. 243, 253, 510 A.2d 1337 (1986). In order to state a cognizable cause of action, Plaintiff must not only allege each of the four elements, but also must allege facts sufficient to support them. *See Meyers v. Bunker Ramo Corp.,* 1992 WL 88166, at *8, 1992 U.S. Dist. LEXIS 5336, at *26 (D.Conn.1992). Because this Court finds that Defendant's alleged conduct was not "extreme and outrageous," the other three elements will not be addressed.

■■■ Whether Defendant's conduct is sufficient to satisfy the element of extreme and outrageous conduct is a question, in the first instance, for the Court. *See Johnson v. Cheesebrough–Pond's USA Co.,* 918 F.Supp. 543, 552 (D.Conn.), *aff'd,* 104 F.3d 355 (2d Cir.1996), *citing Mellaly v. Eastman Kodak Co.,* 42 Conn.Supp. 17, 18, 597 A.2d 846 (Conn.Super.Ct.1991). Only where "reasonable minds differ," does it become a question for the jury. *Reed v. Signode Corp.,* 652 F.Supp. 129, 137 (D.Conn.1986); *see also Restatement (Second) of Torts* § 46, cmt. (h) (1965). The

general rule "is that there is liability for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Mellaly,* 42 Conn.Supp. at 19–20, 597 A.2d 846, *quoting* W. Prosser & W. Keeton, *Torts* § 12, at 60 (5th ed.1984);*see also Restatement (Second) of Torts* § 46, cmt. (d) (1965) ("Liability has been found only where the conduct had been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society.")[2] "[M]ere insults, indignities, or annoyances that are not extreme or outrageous will not suffice." *Brown v. Ellis,* 40 Conn.Supp. 165, 167, 484 A.2d 944 (Conn.Super.Ct.1984).

■ In the present case, Plaintiff alleges that Defendant's actions were extreme and outrageous in that he intentionally assigned difficult and tedious work in a discriminatory manner, implied that Plaintiff's work was "slow", and used Plaintiff in order to remain eligible for state contracts under federal and state Civil Rights laws. This Court, however, finds that these allegations do not satisfy the above requirements of extreme and outrageous conduct.

Courts in Connecticut have been reluctant to allow a claim for intentional infliction of emotional distress. *See, e.g., Appleton,* 254 Conn. at 211, 757 A.2d 1059 (finding allegations that school officials made derogatory comments concerning plaintiff's work performance and his ability to read, in front of other employees, contacted plaintiff's daughter to recommend that plaintiff take some time off because he

was acting erratically, and arranged to have him escorted by police off of school property insufficiently extreme or outrageous to state a cause of action); *Emanuele v. Baccaccio & Susanin,* 1994 WL 702923, at *2, 1994 Conn.Super. LEXIS 3156, at *6 (Conn.Super.Ct. Apr. 10, 1992) (holding conduct not extreme and outrageous where at-will employee alleged her employer made false accusations regarding her work performance, and used coercion, threats and intimidation to force her to sign a document against her will, all for the purpose of depriving her of benefits and compensation); *Rock v. Mott Metallurgical Corp.,* 2001 WL 100307, at *5–8, 2001 Conn.Super. LEXIS 207, at *13–21 (Conn.Super.Ct. Jan. 10, 2001) (granting defendant's motion for summary judgment where plaintiff alleged that she was ordered to lift and carry heavy objects beyond her ability, was required to work without being supplied the necessary resources, was transferred to a work station without a chair or desk, was called names, and was falsely accused of not finishing her work, because in totality the acts were "less than 'extreme' and 'outrageous' in nature").

Similarly, federal district courts in the Second Circuit have interpreted the qualification of extreme and outrageous strictly. *See, e.g., Reed v. Signode Corporation,* 652 F.Supp. 129, 137 (D.Conn.1986) (holding conduct not extreme and outrageous where a uniform company policy that forbade leaves of absences was applied to an employee seeking a leave to undergo chemotherapy treatments for cancer); *Lopez–Salerno v. Hartford Fire Ins.,* 1997 WL 766890, at *6, 1997 U.S.

---

**2.** "In interpreting what constitutes "extreme and outrageous" conduct, Connecticut courts have relied on the Restatement (Second) of Torts § 46, comment (d) (1965)...." *Thompson v. Service Merchandise, Inc.,* 1998 WL

559735, at *1, 1998 U.S. Dist. LEXIS 13669, at *4 (D.Conn.1998). *See also Appleton,* 254 Conn. at 210, 757 A.2d 1059; *Petyan,* 200 Conn. at 254, 510 A.2d 1337.

Dist. LEXIS 19724, at *19 (D.Conn. Dec. 8, 1997) (granting motion to dismiss where plaintiff alleged she was terminated so that defendant could avoid giving her long-term disability benefits); *Thompson,* 1998 WL 559735, at *1, 1998 U.S. Dist. LEXIS 13669, at *2–3 (granting motion for summary judgment and finding that allegations made by plaintiff of employer downgrading her race, removing her responsibilities in order to undermine her authority, and failing to provide adequate supervision and sufficient staff to do her job, did not constitute extreme and outrageous conduct).

Applying the appropriate stringent standards in light of such precedence, the Court finds that Defendant's conduct as alleged in the Complaint did not exceed all bounds of decency and is not "extreme and outrageous". Hence, Count Two is dismissed for failure to state a claim under which relief may be granted.

### B. *Negligent Infliction of Emotional Distress*

■ In order to establish a cause of action for negligent infliction of emotional distress, the Plaintiff must prove that Defendant should have: (1) realized that its conduct involved an unreasonable risk of causing distress to Plaintiff; and (2) realized that the distress, if caused, might result in illness or bodily harm. *See Barrett v. Danbury Hospital,* 232 Conn. 242, 260–61, 654 A.2d 748 (1995). When the alleged infliction occurs in the workplace Connecticut imposes additional requirements. "[N]egligent infliction of emotional distress in the employment context arises only where it is 'based upon unreasonable conduct of the defendant in the termination process.' The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional

distress. 'The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior.'" *Parsons v. United Technologies Corp.,* 243 Conn. 66, 88–89, 700 A.2d 655 (1997), *citing Morris v. Hartford Courant Co.,* 200 Conn. 676, 682, 513 A.2d 66 (1986) *and Madani v. Kendall Ford, Inc.,* 312 Or. 198, 204, 818 P.2d 930 (1991).

■ In the present case, Plaintiff has failed to present any evidence to establish that his termination was carried out in an unreasonable, humiliating, or embarrassing manner. *See Pavliscak v. Bridgeport Hosp.,* 48 Conn.App. 580, 598, 711 A.2d 747 (1998). Plaintiff's major contention is that the alleged improper motive behind Defendant's hiring procedure was extreme and outrageous, and was, in itself, part of the termination process. Plaintiff argues that the termination process actually began at the point of his being hired because Defendant had employed Plaintiff with the specific intent of firing him once Defendant's affirmative action plan was approved. This argument, however, besides being conclusory in nature, is inapposite. The issue in a claim for negligent infliction of emotional distress is the Defendant's conduct, not his intent. "Courts have consistently held that termination for discriminatory reasons, without more, is not enough to sustain a claim for negligent infliction of emotional distress." *Miner v. Town of Cheshire,* 126 F.Supp.2d 184, 198 (D.Conn.2000); *see also, Newtown v. Shell Oil Co.,* 52 F.Supp.2d 366, 367 (D.Conn. 1999); *Thomas v. St. Francis Hosp. Med. Ctr.,* 990 F.Supp. 81, 92 (D.Conn.1998). Therefore, even if Defendant had a discriminatory motive in hiring Plaintiff, improper motivation alone is insufficient to satisfy the requirements of negligent infliction of emotional distress.

Plaintiff additionally alleges that inconsistencies with regard to the categorization of his dismissal were extreme and outrageous. Although this alleged misrepresentation would be understandably upsetting, it does not rise to the level of inappropriate behavior required to establish negligent infliction of emotional distress. Thus, Count Three is also dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss Counts Two and Three [Doc. No. 7] is GRANTED.

SO ORDERED