**Margo JONES, Plaintiff**

v.

**Gem CHEVROLET, d/b/a/ Champagne Chevrolet Jeep Eagle, and Kyle Champagne, Defendants**

**No. 3:00CV0680 (EBB).**

United States District Court, D. Connecticut.

Aug. 20, 2001.

Marc P. Mercier, Beck & Eldergill, Manchester, CT, for Plaintiff.

James M. Sconzo, Wendi L. Boyden, Halloran & Sage, Hartford, CT, for Defendant.

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BURNS, Senior District Judge.

Decision on a summary judgment motion requires the Court to pierce the pleadings and to assess the proof, if any, reviewing same in the non-movant's favor, in order to see if there is a genuine need for trial. After review of the thorough memoranda of law, exhibits thereto and the Local Rule 9(c) Statements filed by the parties, the Court finds there are genuine issues of material fact as to several of the claims, decision on which call for credibility judgments. As this is the quintessential province of the jury, Defendants' Motion for Summary Judgment [Doc. No. 27] is hereby GRANTED IN PART AND DENIED IN PART.

### I. Title VII Claim Against Gem Chevrolet

Plaintiff alleges that Defendant Gem Chevrolet ("Gem") terminated her employment in an unlawful manner, pursuant to Title VII of the United States Code, 42 U.S.C.2000e *et seq.*, due to her gender and pregnancy.

Title VII provides that it is unlawful to discharge an individual because of the individual's sex. 42 U.S.C. § 2000e–2(a)(1). The Pregnancy Discrimination Act ("PDA"), which amended Title VII in 1978, provides in pertinent part that "the terms of 'because of sex' or on the 'basis of sex' include, but are not limited to because of or on the basis of pregnancy ...." 42 U.S.C. § 2000e(k), *citing to* 42 U.S.C. § 2000e(2)(a)(1).

Plaintiff's claim is be analyzed under the disparate treatment analysis applied in other Title VII discrimination cases. *E.E.O.C. v. Ackerman, Hood & McQueen, Inc.*, 956 F.2d 944, 947 (10th Cir.1992). Hence, she must prove that: (1) she is a member of a protected class; (2) that she was qualified for the job from which she was terminated; (3) that she was discharged; and (4) the employer filled the position in question with a non-pregnant person, i.e., not a member of the protected class. *See LaFleur v. Westridge*

*Consultants, Inc.*, 844 F.Supp. 318, 324 (E.D.Tex.1994).

■ In the present case, the reasons offered for Plaintiff's leaving the employment of GEM are diametrically opposed and require credibility determinations to be made by this Court. "He said" versus what "she said" is the order of the day. Hence, whether Plaintiff was terminated because of her pregnancy or voluntarily laid off is a question of material fact for the jury to determine. Summary judgment is, therefore, denied as to the First Cause of Action.

## II. *Connecticut Fair Employment Practices Act Claims Against Gem*

Similarly, summary judgment is denied as to the Second Cause of Action. This claim is also against Gem and asserts violations of the Connecticut Fair Employment Practices Act ("CFEPA"), Sections 46a–60(a)(1), 46–60(a)(5) and 46a–60(a)(7).

Section 46a–60(a)(1) provides, in pertinent part, that: "(a) It shall be a discriminatory practice in violation of this section: (1) For an employer, by himself or his agent, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against [her] ... because of the individual's ... sex ...".

Section 46(a)(60)(a)(5) provides that "(a) It shall be a discriminatory practice in violation of this section: (5) For any person, whether an employer or employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or attempt to do so."

Section 46(a)(60)(a)(7) provides, in pertinent part, that: "(a) It shall be a discriminatory practice in violation of this section: (7) For an employer, by himself or his

agent: (A) To terminate a woman's employment because of her pregnancy ...".

■ Generally, Connecticut courts look to case law involving federal legislation to interpret their state's anti-discrimination statutes. *See Bridgeport Hospital v. Commission on Human Rights and Opportunities*, 232 Conn. 91, 108, 653 A.2d 782 (1995). Accordingly, this Court holds that the analysis of the subsections (1) and (7) claims is the same as to those brought under Title VII. Thus, there are the same genuine issues of material fact under these subsections of Title 46a(60) as under Title VII. So, too, are there genuine issues of material fact under Subsection (5). Should the jury weigh its credibility determinations in favor of Plaintiff, it could also find that Gem is liable for aiding and abetting.[1]

## III. *CFEPA Claims Against Kyle Champagne*

Plaintiff has brought the identical claims under CFEPA against Kyle Champagne ("Champagne") as she has against Gem.

■ The Court is aware that there is split of authority on the question of individual liability under CFEPA and that no Connecticut Appellate Court has determined the issue. However, after analysis of the cases cited by the parties on each side of the issue, this Court finds the more persuasive reasoning to be found in those cases finding no individual liability under Subsections (1) and (7). Although Subsections 46a–60(a)(1) and (7) make it unlawful for "an **employer**, by himself or his agent" to discharge or discriminate against an individual in the terms, condition or privileges of employment, Subsection (5) alters this prohibition and states that "**no person**" may aid or abet discrimination. "This distinction in the choice of language

1. This would be, of course, dependent on a finding of aiding and abetting by Kyle Champagne. Clearly, Gem can not aid and abet it own discriminatory practices, if any.

is significant. It is a basic rule of statutory construction that when the legislature had an opportunity to include a class of entities in its prohibition against certain acts, but did not do so, the legislature intended, by omission, not to include such class." *Wasik v. Stevens Lincoln–Mercury*, 2000 WL 306048 at * 6 (D.Conn.2000)(DJS) (no individual liability under any subsection referring to "employer"), *cited in Miner v. Town of Cheshire et al.*, 126 F.Supp.2d 184, 202 (D.Conn.2000)(SRU) (same). *Accord Cox v. Namnoun, et al.*, 1996 U.S. Dist. LEXIS 22586 (D.Conn. 1996) (AVC) (same).

■ Accordingly, summary judgment is granted to Champagne on CFEPA Subsections (1) and (7). It is denied, however, as to Subsection (5), as that subsection provides for aiding and abetting by a "person". Hence, if GEM is found liable for a discriminatory practice, the jury could find Champagne liable for aiding and abetting that practice. Summary judgment is, therefore, inappropriate.

## IV. *Intentional Infliction of Emotional Distress*

■ Plaintiff fails to set forth a claim for the intentional infliction of emotional distress. In order to establish such a cause of action, a plaintiff must demonstrate: (1) that the defendant intended to inflict emotional distress, or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. *Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986).

■ The standard in Connecticut to demonstrate extreme and outrageous conduct is stringent. The Connecticut Supreme Court has defined the term "ex-

treme and outrageous conduct": "The rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Petyan*, 200 Conn. at 254 n. 5, 510 A.2d 1337, *quoting* Prosser and Keeton, *Torts* (5th ed.1984) § 12, p. 60.

■ Whether a defendant's conduct can be considered extreme and outrageous is a matter of law for the Court in the first instance. *Kintner v. Nidec–Torin Corp.*, 662 F.Supp. 112, 114 (D.Conn.1987). Mere conclusory allegations are insufficient to support a cause of action for this tort. *Huff v. West Haven Board of Education*, 10 F.Supp.2d 117, 122 (D.Conn.1998).

■ Plaintiff has completely failed to demonstrate that Defendants' treatment of her was "extreme" or "outrageous", in any manner. Summary judgment is, accordingly, granted on this Cause of Action

## V. *Negligent Infliction of Emotional Distress*

■ Finally, the claim of negligent infliction of emotional distress fails, also. To support a claim for negligent infliction of emotional distress, Plaintiff had the "burden of pleading and establishing that 'the [D]efendant should have realized that [its] conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm.'" *Morris v. Hartford Courant*, Co., 200 Conn. 676, 683, 513 A.2d 66 (1986) (citation and emphasis omitted). When the alleged infliction occurs in the workplace Connecticut imposes additional requirements. "[N]egligent infliction of emotional distress in the employment context arises only where it is 'based upon unreasonable conduct of the defendant in the termination process.' The mere termi-

nation of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. 'The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior.'" *Parsons v. United Technologies Corp.*, 243 Conn. 66, 88–89, 700 A.2d 655 (1997), *citing Morris v. Hartford Courant Co.*, 200 Conn. 676, 682, 513 A.2d 66 (1986) *and Madani v. Kendall Ford, Inc.*, 312 Or. 198, 204, 818 P.2d 930 (1991).

 In the present case, Plaintiff has failed to present any evidence to establish that her termination was carried out in an unreasonable, humiliating, or embarrassing manner. *See Pavliscak v. Bridgeport Hosp.*, 48 Conn.App. 580, 598, 711 A.2d 747 (1998). The issue in a claim for negligent infliction of emotional distress is the Defendant's conduct, not his intent. "Courts have consistently held that termination for discriminatory reasons, without more, is not enough to sustain a claim for negligent infliction of emotional distress." *Miner v. Town of Cheshire*, 126 F.Supp.2d 184, 198 (D.Conn.2000); *see also, Newtown v. Shell Oil Co.*, 52 F.Supp.2d 366, 367 (D.Conn.1999); *Thomas v. St. Francis Hosp. Med. Ctr.*, 990 F.Supp. 81, 92 (D.Conn.1998). Therefore, even if Defendant had a discriminatory motive in firing Plaintiff, improper motivation alone is insufficient to satisfy the requirements of negligent infliction of emotional distress.

Like Plaintiff's claim for the intentional infliction of emotional distress, this claim is without merit due to Plaintiff's failure to allege any facts in support of this tort. "The mere termination of employment, even if it was wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress." *Parsons v. United Technologies Corp., Sikorsky Aircraft Division et al.*, 243 Conn. 66, 88–89, 700 A.2d 655 (1997) (plaintiff's conclusory allegations of wrongful discharge, without more, insufficient to support a negligent infliction of emotional distress claim). Accordingly, summary judgment is granted on this Cause of Action.

## CONCLUSION

The Motion for Summary Judgment [Doc. No. 27] is hereby GRANTED IN PART AND DENIED IN PART. It is denied as to the First and Second Causes of Action against Gem. It is denied as to Champagne with regard to Plaintiff's claim under 46a–60(a)(5). It is granted as to all other causes of action.

This case will be placed on the November jury selection calendar, which will go out at a later date.

SO ORDERED