**Thomas P. COOPER, Plaintiff,**

v.

**DICK'S CLOTHING AND SPORTING GOODS, INC.**

**No. 3:98–CV–00169(WWE).**

United States District Court,
D. Connecticut.

Oct. 20, 1998.

William G. Madsen, Madsen & Prestley, Hartford, CT, for Plaintiff.

Peter J. Lefeber, Stephen B. Harris, Wiggin & Dana, New Haven, CT, for Defendant.

## RULING ON DEFENDANT'S
## MOTION TO DISMISS

EGINTON, Senior District Judge.

### INTRODUCTION

Plaintiff Thomas P. Cooper, ("Plaintiff" or "Cooper"), has filed a four Count Complaint alleging violation of the Federal Family and Medical Leave Act, violation of the Connecticut Family and Medical Leave Act, defamation under Connecticut law, and negligent infliction of emotional distress under Connecticut law, all in connection with his termination of employment by Dick's Clothing and Sporting Goods, Inc., ("Defendant" or "Dick's").

Defendant has filed a Motion to Dismiss Count Four, the claim for negligent infliction of emotional distress. The Motion is ready for decision.

### STATEMENT OF FACTS

The Court summarizes only those facts deemed necessary to an understanding of the issues in, and decision rendered on, this Motion.

Plaintiff was employed by Defendant for little over a year, from May, 1996 to June, 1997. As an employee, Plaintiff was entitled to a twenty five percent (25%) discount on merchandise. On May 28, 1997, as he was trying on a pair of golf shoes and deciding to purchase them, he received an emergency telephone call from his mother concerning his father, who was seriously ill with cancer.

Immediately after receiving this call, Cooper called the Store Manager and arranged to leave work early in order to travel to Ohio to be with his family. In his emotional state, Plaintiff left the store wearing the golf shoes, which he took off at his home before leaving for Ohio.

Cooper returned from Ohio two and one-half days later, missing those days from work. He also brought back the golf shoes in order to purchase them at the end of the work day.

During Cooper's shift, Dick's agents confronted him and accused him of misappropriating the golf shoes, intentionally violating company policy, and wilful misconduct. As a result, Cooper was immediately terminated by Dick's. This lawsuit followed.

### LEGAL ANALYSIS

#### I. The Standards of Review

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). "The function of a motion to dismiss is 'merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof.'" *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984) (*quoting Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980)).

Pursuant to a Rule 12(b)(6) analysis, the Court takes all well-pleaded allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff. *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996). The issue is not whether the Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support his claims. *Villager Pond, Inc. v. Darien,* 56 F.3d 375, 378 (2d Cir.1995).

#### II. The Standards As Applied

In *Montinieri v. Southern New England Telephone Co.,* 175 Conn. 337, 345, 398 A.2d 1180 (1978) the Connecticut Supreme Court first recognized a cause of action for "unintentionally-caused emotional distress". The Court concluded that the Plaintiff does have the burden of pleading and establishing that "the defendant should have realized that its conduct involved unreasonable risk of causing emotional distress and that distress, if it were caused, **might result in illness or bodily harm.**" (emphasis added). Thus, the emphasis in this tort is on the behavior of Defendant. Negligent infliction of emotional distress in the employment context arises only where it is based on unreasonable conduct of the defendant in the termination process. *Morris v. Hartford Courant Co.,* 200 Conn. 676, 681–2, 513 A.2d

66, (1986); *Thomas v. Saint Francis Hosp. and Medical Center*, 990 F.Supp. 81 (D.Conn. 1998).

The mere termination of an employee, even if wrongful, is not enough to sustain a claim for negligent infliction of emotional distress. "The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." *Parsons v. United Technologies Corp.*, 243 Conn. 66, 88, 700 A.2d 655 (1997), *quoting Madani v. Kendall Ford, Inc.* 312 Or. 198, 204, 818 P.2d 930 (1991). This is because all terminations of employment will quite naturally cause some degree of emotional distress. *Parsons*, 243 Conn. at 88–89, 700 A.2d 655. Hence, a plaintiff cannot rely on the allegedly wrongful termination alone, but must allege additional unreasonable conduct on defendant's part that occurred with respect to his termination. *Hill v. Pinkerton Sec. & Investigation Servs., Inc.*, 977 F.Supp. 148, 159 (D.Conn.1997).

The present Complaint is completely devoid of such additional, and mandated, factors. Cooper has set forth a litany of maladies which one can assume would follow an unexpected loss of employment, but no more. He has failed to set forth facts to establish that Defendant created an unreasonable risk of causing emotional distress due to its egregious conduct upon terminating him. Cooper's complaint does not meet the standard for determining that Plaintiff has established a *prima facie* cause of unreasonable conduct resulting in negligent infliction of emotional distress.

### *CONCLUSION*

For the reasons set forth herein, Defendant's Motion to Dismiss the Fourth Count of this Complaint [Doc. No. 8], is GRANTED.

SO ORDERED.