**Beth Ann BELANGER**

v.

**COMMERCE CLEARING HOUSE, INC.**

**No.  3:98CV820(WWE).**

United States District Court,
D. Connecticut.

Oct. 26, 1998.

Peter Burgoyne Prestley, Madsen & Prestley, Hartford, CT, for Beth Ann Belanger.

A. Robert Fischer, Christina L. Calise, Jackson, Lewis, Schnitzler & Krupman, Stamford, CT, for CCH, Inc.

RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

This lawsuit arises out of plaintiff's claim that she was discriminated against when she was terminated from defendant's employment. Specifically, plaintiff claims that during her employment in late 1996 and early 1997, defendant reorganized its field sales force. Although defendant informed plaintiff that she was a serious candidate for an open product line position in the reorganization, plaintiff was not selected for any open positions, her position was eliminated and her employment terminated.

Plaintiff alleges in counts one, two and three that she was terminated in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, respectively. Count four of the Complaint is entitled "Mixed Motive— Age, Gender and Disability Discrimination under ADEA, ADA, Title VII and CFEPA [Connecticut Fair Employment Practices Act]." This count incorporates the paragraphs set forth under counts one, two and three and states in conclusion that: "The Defendant's conduct as above described is in violation of the ADEA, ADA, Title VII of the Civil Rights Act of 1964, as amended, as well as in violation of CFEPA, generally and individually." Count five of the Complaint alleges a claim for negligent infliction of emotional distress. Defendant has filed a motion to dismiss counts four and five of the complaint for failure to state claims upon which relief can be granted.

## Discussion

### Count Four

Fed.R.Civ.P. 8(a)(2) requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 10(b) requires that each claim founded upon a separate transaction be stated in a separate count "whenever a separation facilitates the clear presentation of the matters set forth." Here, it is unclear in count four whether plaintiff is asserting redundant claims for violations of the ADEA, ADA and Title VII, in which case striking the redundant material would be appropriate, or she is simply asserting a claim under the CFEPA. Count Four, as presently written, is confusing and does not give defendant fair notice of the claim. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (function of pleadings is to give fair notice of the claim to enable party to respond and prepare for trial). Plaintiff's memorandum in opposition to defendant's motion to dismiss does not clarify the matter because plaintiff merely states that "[i]t is clear that Count Four states a State CFEPA claim and therefor states a cause of action upon which relief can be granted." If that is the case, however, why does this count also refer to violations of the ADEA, ADA and Title VII.

Because count four does not provide fair notice of plaintiff's claim enabling defendant to respond, the court will grant defendant's motion to dismiss this count and allow plaintiff 30 days to file an amended complaint repleading count four in accordance with the standards set forth herein.

### Count Five

A claim of negligent infliction of emotional distress arises in the employment context only when it is "based upon unreasonable conduct of the defendant in the termination process." The fact that an employee was terminated, and perhaps wrongfully, does not by itself sustain a claim for negligent infliction of emotional distress. *Parsons v. United Technologies*, 243 Conn. 66, 88–9, 700 A.2d 655 (1997). "Where the allegations fail to establish that the meeting or other aspect of the actual discharge was done in an inconsiderate, humiliating or

embarrassing manner, [t]he mere fact of termination ... does not rise to a claim for unintentional infliction of emotional distress." *Lund v. Stern & Company,* 1995 WL 216846, at * 1 (Conn.Super. April 4, 1995).

■ Defendant argues that plaintiff has failed to allege that defendant acted unreasonably in the termination process. The court agrees. Accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of plaintiff, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), plaintiff's allegations boil down to the fact that after stating that it would consider plaintiff for an open position in sales, defendant eliminated plaintiff's position and terminated her. Plaintiff does not allege any facts supporting a claim that defendant acted in an "inconsiderate, humiliating or embarrassing manner" during the process of her termination. Because plaintiff has failed to state a claim for negligent infliction of emotional distress, defendant's motion to dismiss will granted as to count five.

### Conclusion

Based on the foregoing, defendant's motion to dismiss [doc. # 8] counts four and five of the complaint is GRANTED. Plaintiff has 30 days to file a new complaint repleading count four.