**Gerald VENTERINA and Annie Venterina, Plaintiffs,**

v.

**CUMMINGS & LOCKWOOD, Effective Security and Vincent Vodola, Defendants.**

**No. Civ.A.3:98CV849(PCD).**

United States District Court, D. Connecticut.

Feb. 24, 1999.

---

**40.** Civil no. 97–1652(HL), docket no. 12, Appellant brief, at 12–16.

Charles F. Proctor, Oxford, MA, Marilyn Venterina, Antonia Sciretta, Sciretta & Venterina, Brooklyn, NY, for Plaintiffs.

David J. Belt, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, Philip T. Newbury, Jr., Michael J. Rose, Howd & Ludorf, Mark R. Cramer, James A. Alissi, Halloran & Sage, Hartford, CT, Stephen l. Fox, Meiselman, Farber, Packman & Eberz, Mt. Kisco, NY, Stephen P. Horner, Stephen P. Horner & Assoc., Norwalk, CT, for Defendants.

## RULING ON DEFENDANT CUMMINGS & LOCKWOOD'S MOTION TO DISMISS

DORSEY, District Judge.

Plaintiffs Gerald Venterina and Annie Venterina brought this case pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441. Plaintiffs allege violation of CONN.GEN.STAT. § 31–290a, wrongful discharge, breach of the covenant of good faith and fair dealings, intentional and negligent infliction of emotional distress, defamation, and, on behalf of Anne Venterina, loss of consortium. Defendant Cummings & Lockwood move to dismiss. In response, plaintiffs filed a cross motion to amend the complaint along with their objection.

## I. BACKGROUND FACTS

In May 1994, Gerald Venterina began employment at Cummings & Lockwood ("Cummings") in Stamford, Connecticut. Gerald Venterina and his spouse, Annie Venterina, are citizens of the State of New York, residing in Bronx, New York.

On May 8, 1997, while in his office at Cummings, Gerald Venterina was assaulted by defendant Vincent Vodola. As a result of this assault, Gerald Venterina suffered assorted physical injuries. Vincent Vodola is the spouse of an employee at Cummings, Lauren Vodola. The Vodolas live in Stamford, Connecticut.

On May 16, 1997, Gerald Venterina filed a workers' compensation claim for injuries arising from the alleged assault. Also on May 16, 1997, Gerald Venterina was terminated from his employment at Cummings

## II DISCUSSION

### A. *Motion to Dismiss Standard*

A motion to dismiss should be granted only when "it appears beyond doubt" that a plaintiff fails to state any claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor. *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998). A district court is limited to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir.1991).

### 1. *Count I.*

In Count I, plaintiff alleges that defendant terminated him in violation of CONN.GEN.STAT. § 31–290a,[1] which provides:

(a) No employer who is subject to the provisions of [the Workers' Compensation Act] shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

(b) Any employee who is so discharged or discriminated against may either:

(1) Bring a civil action in the Superior Court ... for the reinstatement of his previous job, payment of back wages and re-establishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged ...

The burdens of proof and order of presentation of proof in § 31–290a cases are as follows. Initially, plaintiff must prove, by a preponderance of the evi-

---

1. To the extent plaintiff's claim includes Section 120 of the New York Workers' Compensation Law, it is dismissed because plaintiff was employed, allegedly injured and filed for workers' compensation benefits in Connecticut. *See Simaitis v. Flood,* 182 Conn. 24, 33, 437 A.2d 828 (1980).

**118**

dence, a prima facie case of discrimination. Ford v. Blue Cross & Blue Shield of Connecticut, Inc., 216 Conn. 40, 53, 578 A.2d 1054 (1990). To meet this burden, plaintiff must present evidence that gives rise to an inference of unlawful discrimination. Ford, 216 Conn. at 53, 578 A.2d 1054. If plaintiff meets this burden, the burden shifts to defendant to rebut the presumption by producing evidence of a legitimate, nondiscriminatory reason for its actions. Id. at 54, 578 A.2d 1054. If defendant carries this burden of production, plaintiff must then satisfy his burden by persuading the fact finder that he was discriminated against "either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).[2]

■ A violation of § 31–290a(a) may be proven by showing: (1) a discharge of an employee; (2) by an employer who is subject to the Workers' Compensation Act; (3) because the employer has filed a claim for workers' compensation benefits. *Shearn v. Airborne Freight Corporation*, 1994 WL 198099 (Conn.Super.1994). Here, the plaintiff alleges that he was employed by the defendant; that the defendant was subject to the workers' compensation laws; that plaintiff was injured during the course of his employment; that plaintiff filed a claim for workers' compensation benefits; and that defendant terminated plaintiff's employment because of such claim.

Plaintiff has sufficiently alleged a claim for statutory wrongful discharge pursuant to CONN.GEN.STAT. § 31–290a.

■■ In addition to the statutory claim in Count I, plaintiff asserts a cause of action for common law wrongful discharge. The Connecticut Supreme Court recognized a cause of action for wrongful discharge when public policy is contravened. *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 475, 427 A.2d 385 (1980). Plaintiff's must allege that the discharge violates a state statute or constitutional provision or other public policy in such a wrongful discharge claim. *Morris v. Hartford Courant Co.*, 200 Conn. 676, 680, 513 A.2d 66 (1986). Here, plaintiff alleges defendant wrongfully discharged his employment in retaliation for filing a workers' compensation claim, in violation of CONN. GEN.STAT. § 31–290a. Plaintiff has sufficiently alleged a claim for common law wrongful discharge.

Defendant asserts plaintiff is foreclosed from bringing a common law claim for wrongful discharge in addition to his statutory claim for retaliatory discharge pursuant to § 31–290a because plaintiff has an adequate remedy to enforce his rights under his statutory claim. Defendant argues that a full range of remedies exist for plaintiff, including reinstatement, compensatory damages, punitive damages, and attorney's fees. In *Atkins v. Bridgeport Hydraulic Co.*, 5 Conn.App. 643, 501 A.2d 1223 (1985), the court held that available statutory remedies did not warrant judicial recognition of an independent cause of action. However, "[t]here is a split of authority in the Connecticut Superior Courts as to whether Atkins forbids a common law remedy where a statutory remedy exists, no matter the extent of the remedy available within the statute, or whether Atkins allows a common law remedy to be pursued where the statutory remedy available is adequate to compensate the plaintiff's injuries." *Miller v. Alpha Systems, Inc.*, No. 0117227, 1995 WL 93424, at *3 (D.Conn. Feb. 23, 1995). A review of the cases indicate that a wrongful discharge

---

**2.** These burdens of proof and the order of presentation are guided by federal law burden of proof requirements found in federal discrimination actions. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

claim may not be maintained on the basis of a public policy violation if adequate statutory remedies are available. In *Friel v. St. Francis Hospital*, No. 3:97CV–803, 1997 WL 694729 (D.Conn. Oct. 31, 1997), plaintiff's claims based on public policy considerations were dismissed because her allegations could be fully remedied by Title VII, ADA and CFEPA claims. *See also Menard v. People's Bank*, No. CV 970544627s, 1998 WL 177536 (Conn.Super. Apr. 6, 1998), (citing cases). In the case at bar, plaintiff has full and adequate remedy under his statutory claim.

Accordingly, the statutory claim under CONN.GEN.STAT. § 31–290 remains a cause of action. However, the common law wrongful discharge claim is dismissed.

### 2. *Count II.*

■ Count II alleges defendant breached an implied covenant of good faith and fair dealing by its actions. The Connecticut Supreme Court recognized that every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. *Habetz v. Condon*, 224 Conn. 231, 238, 618 A.2d 501 (1992). "The implied covenant of good faith and fair dealing operates to 'fulfill the reasonable expectations of the contracting parties as they presumably intended.'" *Rose v. James River Paper Co.*, 2 F.Supp.2d 245, 255 (D.Conn.1998) (quoting *Magnan v. Anaconda Industries, Inc.*, 193 Conn. 558, 567, 479 A.2d 781 (1984)).

■ To establish a claim for breach of an implied covenant of good faith and fair dealing, an employee must establish that his dismissal was for a demonstrably improper reason, the impropriety of which is derived from a violation of some important public policy. *Id.* Plaintiff argues that the

alleged facts state a claim for retaliatory wrongful discharge pursuant to CONN.GEN. STAT. § 31–290, and that this statute codifies the public policy against such discharge. Therefore, the alleged retaliatory discharge is against public policy and states a cause of action for breach of the implied covenant of good faith and fair dealing. However, it is not enough to point to an important public policy. A plaintiff bringing this claim must also establish that he does not otherwise have an adequate means of vindicating that public policy. *Bennett v. Beiersdorf, Inc.*, 889 F.Supp. 46, 49 (D.Conn.1995). As noted earlier, the public policy against wrongful termination already has a full and adequate statutory remedy under CONN.GEN. STAT. § 31–290.

Accordingly, Count II is dismissed.

### 3. *Count III.*

In Count III, plaintiff alleges defendant's termination of his employment after he filed a worker's compensation claim constituted intentional infliction of emotional distress.

■ To state a claim for intentional infliction of emotional distress, a plaintiff must establish: (1) that the defendant intended to inflict emotional distress, or that the defendant knew or should have known that emotional distress was a likely result of the defendant's conduct; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. *Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986). In interpreting what constitutes 'extreme and outrageous' conduct, Connecticut has relied on both the Restatement (Second) of Torts[3] and Prosser & Keeton on Torts.[4] The court, in the first

---

3. *See Hill v. Pinkerton Security & Investigation Services, Inc.*, 977 F.Supp. 148, 159 (D.Conn. 1997) ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.").

4. *See Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986) ("The rule which seems to

instance, determines whether a defendant's conduct rises to the level of being extreme and outrageous. *Hill*, 977 F.Supp. at 160.

Plaintiff argues that defendant's alleged wrongful discharge of plaintiff violates state public policy as codified in CONN.GEN.STAT. § 31–290a. Since such discharge violates public policy, plaintiff argues, it should also be deemed to constitute "extreme and outrageous" conduct sufficient to state a claim for infliction of emotional distress. However, to sustain such a cause of action, plaintiff is required to show that the conduct of the defendant transgressed the bounds of socially tolerable behavior. *Taylor v. Grote & Weigel, Inc.*, No. CV 960563464, 1998 WL 161222, at *4 (Conn.Super. Mar. 6, 1998). Here, plaintiff alleges no more than a wrongfully motivated termination on behalf of the defendant. But the mere termination of employment, even where it is wrongful, is not by itself enough to sustain a claim. *Menard v. People's Bank*, 1998 WL 177536, at *3. "Such a claim must be accompanied by additional allegations of unreasonable conduct on the part of the defendant that occurred with respect to employment actions." *Hill*, 977 F.Supp. at 159. Plaintiff argues that defendant falsely accused plaintiff of "disagreeable conduct." Yet, "[m]ere insults, indignities, annoyances, or conduct that displays bad manners or results in hurt feelings, is insufficient." *Armstrong v. Chrysler Financial Corp. and Roger Pinneault*, No. 3:97CV1557, 1998 WL 342045, at *5 (D.Conn. May 14, 1998). Extreme or outrageous conduct by the defendant that rises to the required level to sustain an claim for infliction of emotional distress is not found to have been alleged.

Accordingly, Count is III is dismissed.

#### 4. *Count IV.*

In Count IV, plaintiff alleges defendant's termination of his employment after an alleged assault constituted negligent infliction of emotional distress.

In order to state a claim for negligent infliction of emotional distress, plaintiff has the burden of pleading that defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. *Menard*, 1998 WL 177536, at *3. A claim of negligent infliction of emotional distress arises in the employment context when it is 'based upon unreasonable conduct of the defendant in the termination process.' *Belanger v. Commerce Clearing House, Inc.*, 25 F.Supp.2d 83, 84 (D.Conn.1998) (*quoting Parsons v. United Technologies*, 243 Conn. 66, 88–89, 700 A.2d 655 (1997)). The mere termination of an employee, even if wrongful, is not enough to sustain a claim. This is because all terminations of employment will quite naturally cause some degree of emotional distress. *Cooper v. Dick's Clothing & Sporting Goods, Inc.*, 25 F.Supp.2d 59, 60 (D.Conn.1998). Therefore the allegations must establish that the discharge was done in an inconsiderate, humiliating, or embarrassing manner. *See Belanger*, 25 F.Supp.2d 83, 84.

Plaintiffs allege "[t]hat in attempting to establish nondiscriminatory pretexts for discharging the plaintiff, the defendant, CUMMINGS & LOCKWOOD, claimed and charged the plaintiff with being violent and threatening, When such contentions were wholly baseless, untrue and false." Plaintiff's Opposition to Motion to Dismiss, Ex. A, Amended Complaint at ¶ 28. Accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of plaintiff, plaintiff does not allege facts that as a matter of law support a claim that defendant acted in an "inconsiderate, humiliating, or embarrassing man-

---

have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.")

ner" during the process of his termination. *See Parsons v. United Technologies Corp.,* 243 Conn. 66, 700 A.2d 655, 667 (1997) (holding that it was not clearly unreasonable for an employer to remove a discharged employee from its property under a security escort).

Accordingly, Count IV is dismissed.

### 5. *Count V.*

In Count V, plaintiff alleges a cause of action for defamation.

■■■■ "To maintain an action for defamation there must be an unprivileged publication of false and defamatory manner which is actionable per se or which results in special harm to another." *Fishman v. Tishler,* CV 94045889, 1997 WL 771555, at *1 (Dec. 2, 1997). "Generally there is no publication where the defendant communicates the slanderous statement directly to the plaintiff who then communicates it to a third party." *Anderson v. Gamma One, Inc.,* No. CV 95–0376916–S, 1995 WL 681659, at *2 (Oct. 7, 1995) (internal citation omitted). However, some Connecticut superior courts have recognized the doctrine of self defamation (also known as self publication) as a narrow exception to the rule requiring publication to a third party. *Id.; Alexandru v. Northeast Utilities,* No. 3:95CV461, 1996 WL 684421, at *6 (D.Conn. Oct. 10, 1996). Self publication may satisfy the publication element where the plaintiff is compelled to publish a slanderous statement to a third party and it was reasonably foreseeable to the defendant that the plaintiff would be so compelled. *Id.* Though Connecticut appellate courts have not recognized a cause of action based on self defamation, a Connecticut district court stated "[t]o the extent that Connecticut recognizes defamation claims based on self-publication, such claims must be supported by evidence of actual republication, not speculative potential republication." *See Cowen v. Federal Express Corp.,* No. 3:97CV576, 25 F.Supp.2d 33, 39 (D.Conn.1998) (denying

defamation claim based on complaint failing to allege that employer published defamatory statements to third parties and because plaintiff's claims that he would be compelled to make defamatory disclosures to potential future employers were too speculative for self publication doctrine); *see also Alexandru,* 1996 WL 684421, at *6 (recognizing self publication doctrine as narrow exception to publication requirement but finding that plaintiff's providing names and telephone numbers of former supervisors to prospective employers does not show republication).

■■■ Here, plaintiff alleges he was falsely accused of "becoming extremely upset for no justifiable reason," that the "employees reported being physically threatened", and that he spoke to employees in "a demeaning and/or confrontational manner." Plaintiff's claim rests on the doctrine of self defamation, whereby plaintiff was compelled to disclose the reasons for his discharge at interviews with prospective employers. In the Amended Complaint, plaintiff sets forth sufficient facts to establish a cause of action for compelled self defamation. Plaintiff pleads that he was compelled to repeat defamatory statements to a number of prospective employers, and that as a result he lost employment and economic opportunities. It is not unreasonable that publication of the defamation by the plaintiff would occur in circumstances that defendant would reasonably have foreseen, and where it would be foreseeable by defendant that plaintiff would be compelled to disclose the defamation. Until the Connecticut appellate courts speak directly to this issue, this court will not preclude a cause of action based on forced self publication as allowed in Connecticut's trial courts.

Accordingly, Count V will not be dismissed.

### 6. *Count VI.*

■■■ In Count VI, plaintiff alleges that defendant Cummings and co-defendant Ef-

fective Security were negligent in providing security at the premises where the assault occurred.

Plaintiff alleges he was assaulted, attacked and physically harmed by defendant Vodola "while in the course of his employment at Cummings and Lockwood." Under the Connecticut Workers' Compensation Act, "[a]n employer ... shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment." CONN.GEN.STAT. § 31–284(a); *Perille v. Raybestos–Manhattan–Europe, Inc.*, 196 Conn. 529, 532, 494 A.2d 555 (1985). When a worker's personal injury is covered by the act, statutory compensation is the sole remedy and recovery in common-law tort against the employer is barred. *Id.* An injury is compensable under the act if it is an injury arising out of and in the course of employment. *Id.*

Here, the assault and other conduct alleged to form the basis of this negligence action were perpetrated while in the course of employment. Plaintiff filed a worker's compensation claim for the personal injuries arising out of that assault. Nothing in the complaint indicates plaintiff seeks a cause of action under any recognized exception to the exclusivity provision of the act. Therefore, the negligence claim is precluded by the Workers' Compensation Act. *See Perille*, 196 Conn. 529, 494 A.2d 555 (1985), (holding that personal injuries from assaults occurring in the course of employment are covered under the Worker's Compensation Act and subject to exclusivity provision). *Cf. Boardsen Assoc. v. O'Neil*, 1996 WL 88494 (Conn.Super.1996) (discussing employee's recovery under WCA for assault by non-employee arising in the course of employment).

Accordingly, Count VI is dismissed as to defendant Cummings & Lockwood only.

### 7. *Count VIII.*

In Count VIII, plaintiff's spouse, Annie Venterina, claims a loss of consortium resulting from the acts of the defendant.

A claim for loss of consortium is not an independent cause of action, but is derivative and inextricably attached to the claim of the injured spouse. *Izzo v. Colonial Penn Ins. Co.*, 203 Conn. 305, 312, 524 A.2d 641 (1987). "The claim for loss of consortium is an element of damages derived from the central set of facts alleged as the basis for defendant's liability." *Emanuele v. Boccaccio & Susanin, Inc.*, No. CV90–0379367S, 1992 WL 79823, at *4 (Apr. 10, 1992). Accordingly, to the extent that the motion to dismiss is granted as to any previous counts, the corresponding loss of consortium claim is also stricken.

Plaintiff's claim for defamation remains. Since Connecticut has allowed a loss of consortium to derive from a claim of defamation, the loss of consortium remains. *See Emanuele v. Boccaccio & Susanin, Inc.*, No. CV900379667S, 1994 WL 702923, at *3 (Dec. 1, 1994).

Accordingly, Count VIII remains.

### III. CONCLUSION

Accordingly, the motion to dismiss (doc. 24) is **GRANTED** in part and **DENIED** in part. The statutory claim under CONN. GEN.STAT. § 31–290 in Count I remains, but the common law wrongful discharge claim and the claim under the New York Worker's Compensation Law § 120 in Count I are dismissed. Count II alleging Breach of the Implied Covenant of Good Faith and Fair Dealing is dismissed. Count III alleging Intentional Infliction of Emotional Distress is dismissed. Count IV alleging Negligent Infliction of Emotional Distress is dismissed. Count VI alleging negligence is dismissed against defendant Cummings & Lockwood, but remains as to defendant Effective Security. The motion to dismiss Count V alleging defamation and Count VIII alleging loss of consortium is denied to the extent discussed in this ruling. Plaintiffs' Cross Motion to Amend the Complaint (doc. 26) is

**denied without prejudice.** Plaintiff may seek leave to file an amended complaint in accordance with this ruling **on or before March 23, 1999.**

SO ORDERED